GEORGE E. HOMSHER AND SON COMPANY *v.* ALTOR-
FER BROTHERS COMPANY.

[No. 11,688.  Filed April 30, 1924.  Rehearing denied October 8,
1924.]

STIPULATIONS.—*Interpretation.*—*When Set-Off and Cross-Com-
plaint Filed.*—In an action in which defendant filed a plea of
set-off and a cross-complaint, where the parties stipulated that
defendant was indebted to plaintiff in the sum alleged in the
complaint, but defendant's attorney, at the time, remarked "Of
course, we do not admit that we owe you anything", *held* that
the stipulation was to be interpreted in view of the whole
record, and that the statement of counsel meant that defendant
was not waiving any of its rights under the set-off and cross-
complaint, in each of which it was asking judgment.

From Marion Circuit Court (32,665); *Harry O.
Chamberlain,* Judge.

Action by the Altorfer Brothers Company against the George E. Homsher and Son Company.  From a judgment for plaintiff, the defendant appeals.  *Af-
firmed.*

VOL. 81—42

*Wymond J. Beckett,* for appellant.

*William A. Pickens, Linton A. Cox, Earl R. Conder*
and *William D. Bain,* for appellee.

NICHOLS, J.—Action by appellee on an open account
for goods, wares and merchandise sold and delivered to
appellant at its special instance and request, alleging
that $500 was past due and wholly unpaid. There was
a demand for judgment for that amount, together with
interest.

There was an answer in denial, and a set-off and
cross-complaint, in each of which it was averred, in
substance, that appellant was in business as a jobber
in the sale of manufactured machinery and that, prior
to 1919, it entered into a contract with appellee to sell
electric washing machines manufactured by appellee,
that it was agreed that appellant should have the ex-
clusive sale of such machines to any customers obtained
by appellant in the State of Indiana, and appellee guar-
anteed to appellant such exclusive sale and the profits
thereon. That appellant went to a large expense se-
curing customers for said machines and supplied them
therewith, and, during the year 1918, received the
profits therefrom as agreed between appellant and ap-
pellee; that there was no new agreement and contract
between the parties but that the agreement for 1918
continued in full force and effect during the year 1919.
That appellee violated such agreement by selling wash-
ing machines direct to certain of appellant's customers,
thereby depriving appellant of its profits, and that such
violation was without the knowledge and consent of
appellant; that appellee received the purchase price of
said machines from said customers and did not turn
over to appellant its commission on such sales, but
retained the same, the total amount thereof being
$927.75, for which, in the cross-complaint, there was a
demand for judgment, and, in the set-off, that such

amount be set off against the amount found due appellee and judgment for the residue. There was an answer in denial to the set-off and cross-complaint and a trial by the court which resulted in a finding and judgment in favor of appellee for $590, and a finding against appellant on its set-off and cross-complaint.

The error relied upon in this court is the action of the court in overruling appellant's motion for a new trial, which presents that the decision of the court, as to the complaint, the set-off and the cross-complaint, is not sustained by sufficient evidence and is contrary to law.

A substantial part of the controversy in this case grows out of the interpretation to be given to the stipulation made by the parties at the trial. So far as here involved, the stipulation is as follows: "It is further stipulated that the defendant is indebted to the plaintiff in the sum of $500 upon the account set forth and alleged in the complaint; that said account is past due and unpaid; and that, prior to the institution of this suit, demand for payment was made and refused." Thereupon Mr. Beckett, attorney for appellant, stated: "Of course, we do not admit that we owe you anything." With this stipulation, appellee rested, and appellant, to sustain its set-off and cross-complaint, introduced its evidence. It is the contention of appellant that the stipulation applied only to the issues made by the complaint and answer of general denial thereto, while appellee contends that the statement of appellant's counsel that, "Of course, we do not admit we owe you anything," was used with reference to any amount that might be due appellee after the amount due upon the set-off and cross-complaint was determined. We hold that the stipulation must be interpreted in view of the whole record and not as applied to an isolated portion thereof. In this action, there was a complaint to which

there was an answer of set-off and a cross-complaint. In each of these pleadings, appellant was demanding judgment, and had it prevailed in its contention, it is clear that there would have been nothing due appellee. As it seems to us a fair interpretation of the statement of appellant's attorney would be that it was not waiving any of its rights under its set-off and cross-complaint. No question is presented with reference to the set-off and cross-complaint other than the sufficiency of the evidence to sustain the same. We have examined this evidence with a good deal of care, and we must hold that there is some evidence to support the finding and judgment of the trial court against appellant on its set-off and cross-complaint. We do not see that anything can be gained in a discussion of the evidence. The judgment is affirmed.