COLE *v.* SHEEHAN CONSTRUCTION COMPANY.

[No. 17,287. Filed November 27, 1944. Rehearing Denied January 4, 1945. Transfer Denied January 30, 1945.]

304

*Henry J. Richardson, Jr.,* of Indianapolis, for appellant.

*William E. Hart, George C. Forrey III, Burrell Wright and Jacob S. White,* all of Indianapolis, for appellee.

CRUMPACKER, J.—This is an appeal from an award of the Industrial Board of Indiana dated May 13, 1944, and comes here upon an assignment of errors charging that (1) said award is contrary to law, and (2) said award is at variance with the mandate of this court

directed to said board on April 18, 1943. The latter assignment requires us to set out briefly the record background of this controversy.

On December 10, 1942, the appellant filed an application with the Industrial Board for the adjustment of a claim for compensation in which she alleged that she is the widow and sole dependent of one Willie Cole who died November 20, 1942, as the proximate result of accidental injuries arising out of and in the course of his employment by the appellee. Upon final hearing the Industrial Board, on July 6, 1943, found that the said Willie Cole died at the time and in the manner alleged in such application but that the appellant did not live with said decedent at the time of his death and was not wholly or partially dependent upon him for her maintenance and support at such time, and that, therefore, she take nothing by reason of her said application. Upon appeal this court reversed such award upon the grounds that the undisputed evidence established a common-law marriage between the appellant and the decedent existing at the time of his death and, though not living with him at that time, the appellant was entitled to his support by virtue of the laws of the State and therefore dependency was conclusively presumed as provided by statute. §40-1403, Burns' 1940 Replacement, §16414, Baldwin's 1934. Upon transfer of the cause to the Supreme Court it was held that exclusive jurisdiction to find facts in claims under the Workmen's Compensation Act rests in the Industrial Board. That said board had failed to make any finding in reference to the marital status of the appellant and the decedent and that we had invaded the province of said board in holding that a common-law marriage existed between them at the time of decedent's death, as such holding was in effect, the finding of an ultimate

fact in the first instance. *Cole* v. *Sheehan Const. Co.* (1944), 222 Ind. 274, 53 N. E. (2d) 172. Our decision was therefore reversed with instruction "to remand this proceeding to the Industrial Board of Indiana with specific directions for that body to determine whether or not the appellant and the decedent, Willie Cole, were husband and wife and, if so, whether he, under the facts to be found by the board, was obligated for her support at the time of his death by virtue of the law of the State, and to make a finding or findings and enter an award accordingly." This we did with a mandate following verbatim the instructions above set out and, pursuant to such mandate, the Industrial Board on May 13, 1944, entered the following finding and award:

"The full Industrial Board now, in accordance with the mandate of the Appellate Court and after considering all of the evidence in the consolidated cases of *Rosetta Brown Cole* vs. *Sheehan Construction Co.*, No. 32349, and *Anna Mae King Cole* v. *Sheehan Construction Co.*, No. 32324, and being sufficiently advised in the premises, by a majority of its members now finds that on the 20th day of November, 1942, the decedent, Willie Cole, was in the employ of the defendant, Sheehan Construction Co., at an average weekly wage in excess of $30.00; that on said date he sustained an injury as a result of an accident arising out of and in the course of his employment; that the said decedent, Willie Cole, died as a result of said accidental injury on the same day; that the full Industrial Board of Indiana, by a majority of its members now further finds that Anna Mae King Cole and Willie Cole, the deceased, were not husband and wife and that the plaintiff, Anna Mae King Cole, was not the common-law wife of the deceased, Willie Cole.

"The full Industrial Board of Indiana, by a majority of its members, now further finds that the plaintiff herein, Anna Mae King Cole, was not wholly or partially dependent upon the said decedent, Willie Cole, for her maintenance and support

at the time of his death by virtue of the laws of the State of Indiana.

"The full Industrial Board of Indiana, by a majority of its members, now further finds for the defendant, Sheehan Construction Co., and against the plaintiff, Anna Mae King Cole, on plaintiff's Form 10 application filed herein.

"The full Industrial Board of Indiana, by a majority of its members, further finds that pursuant to a disagreement between the parties, the plaintiff, Anna Mae King Cole, filed her Form 10 application with the Industrial Board of Indiana on December 10, 1942.

## "AWARD

"It is therefore considered, ordered and adjudged by the full Industrial Board of Indiana, by a majority of its members, that the plaintiff, Anna Mae King Cole, take nothing by her application Form 10 filed with the Industrial Board of Indiana on December 10, 1942, and that she pay all costs, if any, taxed in this cause."

It appears in the record before us that shortly after the death of said Willie Cole one Rosetta Brown also filed with the Industrial Board a claim against the appellee for compensation based on the allegation that she was the common-law wife and is now the widow of said decedent. This claim and that of the appellant were ordered consolidated and tried together and after the conclusion of such joint trial, in the presence and hearing of the appellant and her attorney, counsel for the appellee stated that it was his desire that the record in each case should be separate but, in the event of an appeal of either case, the record in both cases might be used in such appeal, in which event all evidence in both cases should be the evidence in either. To this the attorney for Rosetta Brown affirmatively agreed and thereupon the hearing member

of the board, addressing all parties and their counsel, inquired if there were any ojection to such procedure. The appellant offered none and furthermore, during the hearing just concluded, she had actively resisted the claim of Rosetta Brown and, by counsel, had cross-examined all witnesses produced in her behalf. Under such circumstances, we believe that the appellant must be regarded as having joined in said stipulation and is bound by its terms. In the former appeal all evidence concerning the Rosetta Brown claim was omitted from the transcript of the record and both parties saw fit to confine the recital of the evidence in their respective briefs to that evidence pertaining particularly to the Anna Mae King claim and to omit therefrom all reference to the testimony of witnesses produced by Rosetta Brown in proof of her alleged status as the common-law wife of said Cole, although such evidence could properly have been brought into the record as per the terms of the above stipulation.

On the state of the evidence then before us, we concluded that the question of the marriage of the appellant and said Cole was one of law which, when applied to the undisputed facts, established such a relationship. In the present appeal the presence in the record of the evidence given in the Rosetta Brown hearing compels us to conclude that the question of the appellant's marriage to Cole was a question of fact and not of law and therefore a matter resting exclusively within the province of the Industrial Board. The Rosetta Brown testimony is in direct conflict with a substantial part of the appellant's evidence. From May until July in the year 1942, we have two women claiming to be living with the same man each in the relationship of a wife. Rosetta Brown claimed a constant companionship with the decedent which, if true,

necessarily excluded the relationship the appellant testified existed between him and her during that period. This testimony cannot be reconciled on any theory, and the Industrial Board had the right to believe either or neither as it deemed fit through the application of proper tests for the determination of the credibility of witnesses. There is also evidence to the effect that when the relationship between the appellant and Cole began in 1940, it was illicit and not considered by the parties to be anything else. In January, 1941, Cole purchased a life insurance policy in which the appellant was named as the beneficiary and designated as "a friend." In August, 1941, the appellant used a bank account in the name of "Anna Mae King" and on December 3, of that year started a Christmas savings account in that name. On such a state of the evidence we cannot say that but one conclusion can be reached by the minds of reasonable men as to whom, if to anyone, Cole was married at the time of his death. The Industrial Board has determined that no such relationship existed between the decedent and the appellant and such finding is binding on us.

Thus it having been conclusively determined that the appellant was not the wife of Cole at the time of his death her right to compensation depends wholly upon whether she was actually dependent upon the decedent at that time. *Russell* v. *Johnson* (1943), 220 Ind. 649, 46 N. E. (2d) 219. There is evidence that when Cole died the appellant was living with her father, that she was employed at good wages and was saving money for the purchase of a lot upon which she expected that, some day, she and Cole would build a house. This is sufficient to justify the Industrial Board in finding that the appellant was not dependent

upon the decedent for support and maintenance at the time of his death.

The appellant next contends that the award of ■ the Industrial Board is at variance with our mandate of April 18, 1943. This mandate is as follows:

"It is therefore ordered that this cause be and the same is hereby remanded to the Industrial Board of Indiana with instructions to said Board to determine whether or not the appellant and the decedent, Willie Cole, were husband and wife and, if so, whether he, under facts to be found by the Board, was obligated for her support at the time of his death by virtue of the laws of this State, and to make a finding or findings and enter an award accordingly."

On May 13, 1944, pursuant to such mandate, the Industrial Board made its award, the pertinent portion of which has heretofore been set out in this opinion. We fail to see any variance between the mandate and said award but on the contrary are of the opinion that the same follows very closely the terms of such mandate and supplies the requirements thereof in all respects.

The appellant urges that because this case was first appealed on the record in her case alone, the inclusion in the present transcript of the evidence taken in ■ the Rosetta Brown claim and the award of the Industrial Board based in part on such evidence, constitutes a variance or departure from the terms of such mandate. It is difficult for us to follow this reasoning. Our mandate does not require the Industrial Board to find the fact as to Cole's marriage to the appellant solely from the evidence before us on the former appeal but, on the contrary, leaves the Board free to consider such additional competent evidence as it might have before it. In discharging the mandate the board saw fit to consider the evidence taken in the Rosetta Brown

case which, under the terms of the stipulation heretofore mentioned, it had the right to do.

On June 17, 1944, the appellant tendered to the Industrial Board, for settlement and certification, a bill of exception containing a longhand transcript of all the evidence in the Rosetta Brown case as well as that taken at the hearing of her own claim. This bill was certified by the board as tendered and the appellant cannot now be heard to complain that the Rosetta Brown evidence is improperly in the record.

As akin to the question of variance the appellant urges that the decision of the Supreme Court in *Cole* v. *Sheehan Const. Co., supra,* is the law of this case and in this appeal nothing can be reviewed except such errors of law as occurred after the cause was remanded to the Industrial Board. *Dodge* v. *Gaylord* (1876), 53 Ind. 365. Granting that such be the law we fail to see how its present application can be of assistance to the appellant. In its first award the Industrial Board failed to find certain facts which the Supreme Court held to be essential to the adjudication of this controversy. The cause was remanded with specific instructions to find, from whatever evidence there might be on the subject, the existence or non-existence of such facts. This the Industrial Board did and entered the award now before us. The appellant's assignment of errors questions the propriety of such fact finding which, of course, occurred after the cause was remanded to the Industrial Board and is therefore, under the very rule urged by the appellant, subject to review in this appeal.

The appellant further complains of the Board's action in refusing to admit her exhibits "I" and "J" in evidence. Exhibit "I" is a receipt from one Joseph R. Morgan for the down payment of $10.00 on the purchase price of a vacant lot in Indianapolis.

It was executed to Willie Cole alone and the appellant's connection, if any, with the transaction does not appear. Exhibit "J" is a postcard mailed at Jackson, Tennessee, reading: "Hello Willie, I am enjoying myself the same as ever. Be good. Annie Mae." These two documents are of no probative value in connection with the issues involved and there was no error in their exclusion. Over the appellant's objection the board admitted the appellee's exhibit "1" which is an insurance policy purchased by Cole in which he designates "Annie Mae King" as the beneficiary thereof and identifies her as "a friend." For whatever it was worth this exhibit was properly admitted as tending to prove that at the date of its execution Cole was not representing the appellant to be his wife.

Award affirmed.

NOTE.—Reported in 57 N. E. (2d) 625.