PITTMAN-RICE COAL COMPANY, INC. *v.* HANSEN

[No. 17,532. Filed April 11, 1947. Rehearing Denied May 23, 1947. Transfer Denied June 24, 1947.]

510

*Symmes, Fleming & Symmes, Owen S. Boling,* all of Indianapolis, and *Arthur C. Van Duyn,* of Greenfield for appellant.

'*A. J. Rucker,* of Indianapolis, and *Jonas P. Walker,* of Greenfield, for appellee.

DRAPER, J.—The appellee brought this action against the appellant Pittman-Rice Coal Company, Inc.. and its servant, George Norfleet, to recover damages for personal injuries sustained by her in an intersection collision between an automobile operated by her, and a truck owned by the appellant and operated by Norfleet in the course and furtherance of appellant's business.

The jury returned a verdict in favor of the appellee

and against the appellant company, but returned no verdict either for or against Norfleet.

Judgment was rendered on the verdict in favor of Norfleet, and thereafter the appellant filed its motion for judgment in its favor notwithstanding the verdict; on the ground that, under the issues, the appellant could only be liable on the theory of *respondeat superior;* that no negligent acts or omissions other than those on the part of Norfleet were alleged; and since the jury had exonerated Norfleet from any liability or responsibility for appellee's injuries, the appellant was entitled to a judgment notwithstanding the verdict.

This motion was overruled, whereupon appellant filed a motion for new trial, which was also overruled, and judgment was rendered in favor of the appellee and against the appellant for the amount of the verdict.

The appellant assigns error in the overruling of its motion for judgment notwithstanding the verdict and in the overruling of its motion for new trial, which latter questions the sufficiency of the evidence and the legality of the verdict.

The appellee says the motion for judgment *non obstante,* under these circumstances, is unknown to our practice and therefore presents no question.

The failure of the jury to return a verdict against Norfleet was equivalent to a verdict in his favor; *Holbrook* v. *Nolan* (1938), 105 Ind. App. 75, 10 N. E. (2d) 744; *Inter State Motor Freight System* v. *Henry* (1942), 111 Ind. App. 179, 38 N. E. (2d) 909; and the verdict, therefore, stands as one in favor of the appellee and against the appellant company only.

Assuming, as the appellant contends, that the complaint proceeded upon the theory of *respondeat superior,* and under the allegations thereof the appellant com-

pany could be liable, if at all, solely because of the negligent acts of its servant Norfleet, and that the exoneration of Norfleet exonerated the appellant company, could the appellant company raise the question by motion *non obstante?*

Our statutes provide for a judgment on the pleadings notwithstanding the verdict (§ 2-2503, Burns' 1946 Replacement) and for a judgment on answers to interrogatories notwithstanding the general verdict (§§ 2-2023 and 2-2502, Burns' 1946 Replacement). Section 2-2501, Burns' 1946 Replacement, provides, however, that: "When a trial by jury has been had, and a general verdict rendered, the judgment *must* be in conformity to the verdict. (Our emphasis.)

In *Lake Erie, etc., R. Co.* v. *Reed* (1914), 57 Ind. App. 65, 103 N. E. 127, it was held that the provisions of the above quoted statute are mandatory; the trial court has no discretion in the judgment it may render upon a general verdict; but the judgment must conform to the verdict. In *Childress* v. *Lake Erie, etc., R. Co.* (1914), 182 Ind. 251, 105 N. E. 467, it is held that a motion such as the one before us is unknown to our practice and of no effect.

*Holbrook* v. *Nolan, supra,* upon which appellant depends, was an action against a master and his servant based upon the negligence of the servant, in which, under the facts pleaded, there could be no responsibility on the part of the master in the absence of negligence on the part of the servant. The jury found for the plaintiff and against the master, but exonerated the servant, and this court, two judges dissenting, reversed with directions to the trial court to sustain the master's motion for judgment notwithstanding the verdict.

In *Inter State Motor Freight System* v. *Henry, supra,* decided in 1942, the Holbrook case was referred to and

considered, and some doubt was manifested as to ■ its correctness. It was noted, however, that in the Holbrook case no question as to whether a motion for judgment notwithstanding the verdict was proper under the circumstances was presented and the question was, therefore, not decided. We approve and adopt the reasoning of the Reed and Childress cases and on the authority thereof, hold that the motion for judgment notwithstanding the verdict presents no question. *Holbrook* v. *Nolan, supra,* insofar as it may inferentially hold to the contrary, is disapproved.

Proceeding to the motion for new trial, the appellee says the appellant waived its right to file same by first filing and obtaining a ruling on the motion *non* ■ *obstante.* To support this proposition cases are cited having to do with the chronological relation of motions for new trial and motions in arrest of judgment. The right to file a motion for new trial may sometimes be waived or lost by the assertion of some right inconsistent with the assertion of the right to a new trial, but it could hardly be waived or cut off by the filing of a motion unknown to our practice and therefore, wholly ineffective.

In *Inter State Motor Freight System* v. *Henry,* (1942), 111 Ind. App. 179 at p. 187, 38 N. E. (2d) 909 at p. 912, this court said:

"It is well established by a number of decisions in this State that where an action proceeds upon the theory that the relation of master and servant exists between the defendants, and that the master is liable solely because of the negligent acts of the servant, that a verdict in favor of the servant and holding the master guilty of negligence relieves not only the servant but the master from liability. *Zainey* v. *Rieman* (1926), 84 Ind. App. 480, 151 N. E. 625; *Holbrook* v. *Nolan* (1938), 105 Ind. App. 75, 10 N. E. (2d) 744; *United Transportation Co.* v. *Jefferies* (1937), 211 Ind. 226, 6 N. E. (2d) 524.

These holdings are in accordance with the weight of authority in other states. Where a master and servant are joined as parties defendant in an action for injuries inflicted by the servant, a verdict which exonerates the servant from liability for injuries caused solely by the alleged negligence of the servant requires also the exoneration of the master. 35 Am. Jur., Master and Servant, § 534, p. 962; note in 78 A. L. R. 365.

"But a verdict in favor of one servant does not bar a recovery against the master, where the evidence shows that the negligence of another servant who is not joined as a party, or who if joined as a party is not exonerated by the verdict, has caused the injury. Nor does the verdict in favor of a joined servant bar a recovery against the master where the latter has himself been guilty of acts on which, independently of the acts of the servant, liability may be predicated. *Holbrook* v. *Nolan* (1938), 105 Ind. App. 75, 10 N. E. (2d) 744; *Lake Erie, etc., R. Co.* v. *Reed* (1913), 57 Ind. App. 65, 103 N. E. 127; *Mims* v. *Bennett* (1931), 160 S. C. 39, 158 S. E. 124, 78 A. L. R. 360, and anno. on p. 365."

In this case the complaint alleges the corporate existence of the appellant company, and proceeds against the defendants "and each of them." It alleges that "at the time and place of said collision, the defendant George Norfleet, was an employee of defendant Pittman-Rice Coal Company, Inc., and then and there was acting as such employee under the terms and practices of his employment within the scope of his authority for and in behalf of such Company upon its errand and business of delivering coal to coal customers of such company in . . . a coal truck, which was then and there the property of such company; and then and there defendant George Norfleet was the operator in actual physical control of said coal truck."

The complaint in one place makes reference to the

collision between the automobile and the coal truck "which was then and there operated by both of the defendants," and in another alleges appellee's injuries to have been caused by the wrongful acts and omissions of "each of the defendants." But each allegedly negligent act or failure to act is attributed to the "defendant George Norfleet as the driver of said coal truck, acting as aforesaid," and consists of acts or omissions on his part having to do with the operation of the truck, such as that: he drove at an excessive rate of speed; with reckless disregard for appellee's safety; he failed to stop before entering a preferred highway in obedience to a traffic control sign; he failed to yield the right of way; he failed to proceed cautiously both before and after he entered the intersection; and the like. Norfleet was alone on the truck, and no other servant or agent of this corporate appellant is alleged to have had anything to do with the accident. No act of negligence is charged against the appellant company independently of the acts of its servant, Norfleet.

The theory of a complaint must be determined by its leading allegations. *Armstrong* v. *Illinois Bankers Life Assn.* (1940), 217 Ind. 601, 29 N. E. (2d) 415, 29 N. E. (2d) 953, 131 A. L. R. 769. The complaint under consideration was clearly drawn with great particularity on the theory of *respondeat superior*. The general allegations concerning the operation of the truck by the appellant company, and the reference to its wrongful acts and omissions, when read in the light of the other averments, as it should be, *Premier Motor Mfg. Co.* v. *Tilford* (1916), 61 Ind. App. 164, 111 N. E. 645, are clearly in aid of that theory, and fall far short of being sufficient to allege joint and several liability. It would, therefore, seem that, under the rule obtaining in this state, the verdict

is contradictory and the judgment based thereon contrary to law.

To escape this result, however, the appellee advances several propositions. She points to instructions tendered by her and/or given by the court without ■ objection on the part of appellant, which told the jury a verdict might be rendered against both or either of the defendants. One of them expressly said the liability, if any, against the defendants "may" be joint and several. She insists that by appellant's failure to object to these instructions under Rule 1-7, it admitted the instructions correctly stated the law and admitted and adopted the theory of joint and several liability. We cannot agree. The effect of a failure to make specific objections to an opponent's tendered instruction is to make any error therein unavailable as a cause for new trial or on appeal. *New York Cent. R. Co.* v. *Verpleatse* (1945), 116 Ind. App. 1, 59 N. E. (2d) 916. It does not operate as an admission that the law as therein stated is correct in its application to the pleadings and the evidence, or as an adoption, by the party failing to object, of the theory upon which the instruction is drawn.

During the trial it was stipulated and agreed that: "At the time and place of the collision mentioned in plaintiff's complaint, the coal truck mentioned therein was operated by each and both of the defendants herein." The appellee claims the appellant thereby admitted the case was one of joint and several liability; that Norfleet was not in sole physical control of the truck; but the company itself, or some other of its agents and servants were guilty of some act of negligence sufficient to bind the company.

The stipulation must be interpreted in the light of the whole record, including the allegations of the plead-

ings. *Geo. E. Homsher & Son Co.* v. *Altorfer Bros. Co.* (1924), 81 Ind. App. 657, 143 N. E. 638. So construed, it seems to us to admit that the acts and omissions of Norfleet in the operation of the truck were also the acts and omissions of the appellant company, on the theory of *respondeat superior,* as alleged in the complaint. The construction contended for by the appellee would be a strained construction, contrary to the theory of her case as pleaded, to the evidence, and to the evident intention of the parties.

The appellee further contends that the evidence disclosed the appellant was guilty of negligence independently of any act or omission on the part of Norfleet, in that the truck was both overloaded and equipped with insufficient brakes. A sufficient answer is the fact that negligence in neither particular was pleaded nor proven. Moreover, the jury was not instructed on such issues, nor could it be, even if there had been evidence thereof. *Indiana Ry. Co.* v. *Maurer* (1903), 160 Ind. 25, 66 N. E. 156; *Fields* v. *Hahn* (1944), 115 Ind. App. 365, 57 N. E. (2d) 955.

Other reasons advanced by the appellee for sustaining the judgment have been considered and rejected. They are not, in our opinion, sufficiently important to justify extended discussion.

The judgment is reversed and cause remanded with instructions to sustain appellant's motion for new trial.

ROYSE, J., not participating.

NOTE.—Reported in 72 N. E. (2d) 364.