STATE EX REL. RANDALL ET AL. *v.* LONG, SPECIAL
JUDGE, ETC. ET AL.

[No. 29,606. Filed December 9, 1957.]

*Buena Chaney,* of Terre Haute, for relators.

PER CURIAM.—This is an original action filed in this court, requesting a writ of mandate to compel a hearing and trial on the merits of a remonstrance filed by the petitioners (numbering over four thousand persons) against the annexation of certain territory by the city of Terre Haute. The petitioners complain primarily

that their petition was dismissed by the respondent Judge without right on the ground, as the court states in its order, "that the remonstrance heretofore filed in this cause does not contain the signature of a majority of the owners of land in the territory sought to be annexed nor does it contain the signatures of the owners of more than 75% in the assessed valuation in the territory sought to be annexed both as defined by Acts 1955, Chapter 269 . . ."

The petition in substance alleges that after the cause was put at issue by an answer filed, the court, without authority, followed an irregular procedure in appointing three commissioners to investigate the statutory qualifications of the remonstrators. Upon the report of the commissioners and an adverse finding against the remonstrators, the court dismissed the action accordingly. Thereafter the remonstrators filed a motion for a new trial, which was overruled and a motion to reinstate the action, which was likewise overruled.

Upon examination of the transcript of the record we find that the remonstrance or complaint filed in the trial court alleges in rhetorical paragraphs 3, 5 and 6 therein that the plaintiffs and remonstrators are all land owners in the territory sought to be annexed and that they "constitute more than sixty percent (60%) of the owners of land in the territory . . ." and "further represent and constitute owners of more than seventy-five percent (75%) in assessed valuation of the real estate in the territory . . ." The record shows that the defendant, City of Terre Haute, filed an answer denying these allegations.

The record further states the following:

"Come now Remonstrators by Counsel, M. Walter Bell, and comes said defendant, The City of Terre

Haute, Indiana, by Counsel, Ernest J. Zwerner, and by agreement of parties the Court now, for the purpose of determining whether the remonstrance herein bears the necessary signatures and complies with the requirements of the statute, authorizes and orders the Auditor of Vigo County, Indiana, to prepare and furnish as shown by the tax duplicates for 1954, payable in 1955, in his office, an exact list of the owners of real estate in the territory sought to be annexed herein, together with a description of the real estate as shown by said tax duplicates and the assessed valuation for taxation of each of said descriptions; said list to be properly certified by said Auditor and the costs thereof to be taxed and paid as a part of the costs of this action."

The record further states the following:

". . . For the purpose of making a prima facie determination of whether the appeal from the annexation ordinance herein bears the necessary signatures as provided by law, it is now agreed and stipulated by and between the parties hereto that three (3) Commissioners shall be appointed by the Court, . . ."

The order went on to provide that the remonstrators and the City of Terre Haute should each suggest a name as commissioner and the court would, on its own motion, appoint a third commissioner. The record further shows that the remonstrators and relators herein suggested the name of Mary H. Maehler and that she was accordingly appointed by the court as a commissioner. The report of the commissioners was thereafter filed and each of the parties was granted the opportunity to introduce additional evidence. The record then shows "additional evidence is introduced by the remonstrators."

The court, after receiving the report of the commissioners and hearing the evidence, made its finding against the remonstrators and relators herein.

Thus we have a record which shows the active participation in, and consent to, a proceeding which the relators herein claim to be erroneous.

It is too late now for the relators to claim the trial court committed error. One may not stand by and make no objections to a proceeding with the anticipation that if it results favorably, the benefits will be accepted, but if unfavorably then objections will be made. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669; *Thorne* v. *Cosand* (1903), 160 Ind. 566, 67 N. E. 257.

Moreover, the relators actively participated in the proceeding to which objection is now made.

It is well settled in this state that where parties consent or agree to a method or procedure for settling their rights they may not be heard on appeal to complain of error because the agreed procedure was not in technical conformity with orthodox or usually approved methods. *State ex rel. Cline* v. *Schricker* (1949), 228 Ind. 41, 88 N. E. 2d 746, 89 N. E. 2d 547.

In 5 C. J. S. Appeal and Error, sec. 1508, p. 219, it is said:

"Where a party voluntarily adopts a certain form of procedure or agrees to the manner in which his rights shall be submitted for determination in the trial court, he will not be permitted to complain, on appeal or error, that the proceedings had in conformity thereto were erroneous."

This statement has been approved a number of times in this state. *State ex rel. Reiman* v. *Kimmel* (1937), 212 Ind. 639, 10 N. E. 2d 911; *McKay* v. *Carstens* (1952), 231 Ind. 252, 108 N. E. 2d 249; *State ex rel. Cline* v. *Schricker, supra.*

It appears from the record that the relators, the respondent as judge and the City of Terre Haute definitely agreed upon a method of determining certain issues in the annexation case. A writ of mandamus will only issue where the facts show a clear legal right on the part of the relator. The relators have not made out a case for such relief.

The petition is denied.

NOTE.—Reported in 146 N. E. 2d 243.