SCHOOL CITY OF GARY v. STATE EX REL. ARTISTS' LEAGUE, INC.

[No. 568S74. Filed April 10, 1970. No petition for rehearing filed.]

698

William J. Regan, of Gary, for appellant.

Jerry P. Belknap, Jon D. Noland, Barnes, Hickam, Pantzer & Boyd, all of Indianapolis, for appellee.

ARTERBURN, J.—This mandate action was initiated by appellee to compel appellants to pay to the appellee a sum equal to one-half (½) cent for each one hundred ($100.00) dollars of taxable property within the corporate limits of the School of Gary, Indiana, immediately and then a like sum each and every year thereafter. The relief requested was based upon

Burns' Ind. Stat. Ann. §§ 48-7712—48-7719. The trial court found that the statutory scheme in question was not subject to the constitutional defects urged by the appellants and entered judgment for the appellee.

Burns' § 48-7712 provides:

"*Cities of over 90,000 inhabitants—Tax levy—Acceptance resolution.*—In any city having a popualtion of more than ninety thousand [90,000] inhabitants, according to the last preceding United States census, wherein there now is or hereafter shall be an art association which is incorporated under the laws of the state of Indiana, without stock and without purpose of gain to its members, but organized for the purpose of maintaining a permanent art gallery in said city and encouraging and promoting education in the fine and industrial arts, and which owns, possesses, occupies or maintains a building or buildings, grounds, works of art, and other proper equipment adequate for the study of art in said city, it shall be the duty of the school city of such city and of the board of school commissioners or the board of school trustees of such city, if any, to pay such art association annually, in semi-annual installments, a sum equal to at least one-half of one cent [½¢] on each one hundred dollars [$100] of the taxables of said city, as valued on the tax duplicate for the next year before the date of such payment: Provided, however, That such sum may be increased as deemed necessary by the board of school commissioners or the board of school trustees of such city, but not to exceed an additional one-half of one cent [½¢] on each one hundred dollars [$100] of the taxables of said city, if such art association has, by proper resolution, adopted by its board of directors or other governing body, accepted all the provisions of this act [§§ 48-7712—48-7718] and filed a certified copy of such resolution with said school city or board of school commissioners, or board of school trustees, of such city prior to the date of any such payment. [Acts 1955, ch. 202, § 1, p. 535.]"

Appellant first argues that the Act is violative of Article 1, § 8 of the Constitution of Indiana which provides for a general and uniform system of common schools. Specifically, it is argued that in cities of over 90,000 population there would exist a distinctly different educational facility.

We disagree. The requirements of "general and uniform" do not mean identical. The Statutes in question are designed to operate uniformly in all parts of the state where the same circumstances and conditions exist. *State ex rel. Simpson* v. *Meeker* (1914), 182 Ind. 240, 105 N. E. 906.

As a corollary to the first specification appellant urges that the Act is violative of Article 4, § 22 of the Constitution of Indiana, which prohibits the legislature from passing local or special laws for the support of common schools.

An act is not local or special if it operates uniformly in all areas where the same circumstances and conditions exist and applies equally to all who come within its provisions. As we noted above, this Act meets these requirements. Cities and towns may be classified upon the basis of population, and laws applicable to a particular class can be regarded as general and not local or special. The classification must be natural and reasonable. *School City of Rushville* v. *Hayes* (1904), 162 Ind. 193, 70 N. E. 134. We are of the opinion the classification is not of the type which is unreasonable. The wisdom or public policy of such a classification is for the legislature. *Gruber, Trustee* v. *State ex rel. Welliver* (1925), 196 Ind. 436, 148 N. E. 481; *Bally et al.* v. *Guilford Twp. School Corp.* (1954), 234 Ind. 273, 126 N. E. 2d 13.

It is next argued that the Act wrongfully delegates a public power to a private corporation which is beyond the control of the public. *Bullock* v. *Billheimer* (1909), 175 Ind. 428, 94 N. E. 763 is cited in support of this specification. In that case is found the following statement:

"Bearing in mind that none of these associations is organized for pecuniary profit, but for public purposes, it is manifest that the uses are public, and the test is not the means employed, but the use, the object sought; and with this in view, unless some provision of the Constitution may be pointed to prohibiting the agencies employed, we must assume that, even if they could be regarded as private corporations, the legislature is the judge of the agencies it will employ for public ends and purposes."

Thus, private means can be employed. The test is whether the uses are public. Under the Act before us the art associations must be not-for-profit and without stock. The purpose of the associations must not be for gain to its members. We are of the opinion that to appropriate the funds in question is not the appropriation of money to a private purpose. There is no stock. No pecuniary profit is derived from its operation. The associations, under this Act, must resolve to accept the superintendent of schools or the director of art instruction of the schools as visitors to all meetings of the board of directors of the association to the end of being advised as to the work done and proposed to be done and to have two members of its board of directors chosen by the school officials. These are a few of the specific conditions precedent to participation by the association. Further provision is made for the art association to resolve that the mayor and controller of the city may attend all meetings of the association so as to keep the city advised of the association's operations and that the mayor and controller have the right to nominate for membership on the board of directors of the association, of whom at least two such nominees shall be elected. The above resolutions are specific conditions precedent to payment. Finally, Burns' Ind. Stat. Ann. § 48-7717 provides:

> "So long as any such art association shall do and perform all and singular the things by it so agreed to be performed as considerations for the benefits to be received by it under this act (§§ 48-7712—48-7718), or *shall continue to be able, willing and ready to perform the same, it shall be entitled to receive the said several payments herein provided for."*
> (Emphasis added)

The statute makes it abundantly clear that the payment of funds can be halted if the association violates or threatens to violate the terms of the agreement, most of which insure its continuing public purpose. Under the conditions imposed we find the institutions have a public purpose.

It is further stated that the act violates Article 8, § 1 of the

Constitution of Indiana which provides that "Tuition shall be without charge." This objection relates specifically to Burns' § 48-7713 which provides the school city shall have the right to "normal instruction in the fine and applied arts . . . at half the regular rates charged by said association for like instruction [which] may be availed of by all teachers under the jurisdiction and employment of said school city. . . ." Appellants' objection must fail for the reason that this provision relates solely to teachers, while the constitutional provision relates to common school education and not "normal instructions for teachers."

Appellants next object to the method of selection to the governing board of such an association, citing *Bullock* v. *Robison* (1911), 176 Ind. 198, 93 N. E. 998. The point raised in that case does not apply to the situation before us. The act under consideration specifically restricts its application to "an art association which is incorporated under the laws of the state of Indiana, without stock and without purpose of gain to its members. . . ."

The next specification of error is that the issues formed by appellants' denial of paragraphs 10 and 11 of appellee's complaint remains unresolved. The record shows that the parties entered into a stipulation of certain facts at a pre-trial conference. The parties further agreed "to submit the cause to the Court on the complaint, answer and stipulation." On November 30, 1967, the trial court issued its order based on this agreement by the parties. Appellants made no objection until after the decision was rendered. One may not stand by and make no objections to a proceeding with the anticipation that if the results are favorable the benefits will be accepted, but if unfavorable then objections will be made. When parties consent to the procedure or method for settling their rights they may not be heard on appeal to complain the procedure was not in technical conformity with usually approved methods. *State ex rel. Randall* v. *Long* (1957), 237 Ind. 389, 146 N. E. 2d 243.

Finally it is urged that the trial court misused the doctrine of judicial notice in accepting the assessed valuation figure for the School City of Gary without hearing evidence ■ thereon. Courts take judicial notice of matters of common knowledge of which there is a certainty and of which there is no dispute. Although we have no precedent in point in Indiana, we have in this state taken notice of mortality tables which statistically change from time to time, population figures which likewise change, and the number of votes cast at an election, as shown in the Secretary of State's office. *Spice* v. *Astry* (1915), 184 Ind. 1, 110 N. E. 201; *Swank* v. *Tyndall* (1948), 226 Ind. 204, 78 N. E. 2d 535; *Denney* v. *State ex rel. Basler* (1896), 144 Ind. 503, 42 N. E. 929; *Municipal City of South Bend* v. *Blue Lines, Inc.* (1942), 219 Ind. 462, 38 N. E. 2d 573.

Cases in other jurisdictions appear to uniformly uphold judicial notice of assessed valuations. *Bd. of Education of School District No. 1* v. *Robb* (1949), 168 Kan. 368, 212 P. 2d 306; *Collector of Revenue* v. *Parcels of Land, etc.* (1952), 362 Mo. 1054, 247 S. W. 2d 83; *Haas* v. *Holloman* (1958 Okla.), 327 P. 2d 655; *State ex rel. Nesbitt* v. *District of Mayes County* (1962 Okla.), 440 P. 2d 700.

Appellant cites no case to the contrary. At no place do appellants raise a question of the accuracy of the assessment figure nor show that they are prejudiced thereby. The court committed no error in taking judicial notice of the assessed valuation figure.

Judgment affirmed.

Hunter, C.J., Givan and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 256 N. E. 2d 909.