Yvonne VICCARO, Appellant
(Defendant Below),

v.

CITY OF FORT WAYNE, Appellee
(Plaintiff Below).

No. 4–782A229.

Court of Appeals of Indiana,
Fourth District.

June 15, 1983.

K. Richard Payne, Fort Wayne, for appellant.

Bruce Norman Stier, Associate City Atty., Fort Wayne, for appellee.

CONOVER, Judge.

Yvonne Viccaro (Viccaro), as agent of Allegheny Mutual Casualty Company (the Company) appeals a judgment the company violated Fort Wayne city ordinances by failing to maintain property to which it held record title.

We affirm.

## ISSUES

There are two issues presented for review:

1. Whether the existence and validity of the ordinances were established on the record.

2. Whether the evidence was sufficient to support the verdict.

## FACTS

In 1977, the company accepted warranty deeds to two tracts of real estate in Fort Wayne as security for a bail bond it issued. The deeds were recorded in 1978.

In 1980, a city public health officer inspected the properties. He found rubbish strewn about, an abandoned refrigerator on a porch, and overgrown grass and weeds. He found no one living at either residence, nor any indication as to who owned them. He examined the Allen County tax records and found the properties were owned by the Company, and cited it for violations of city ordinances requiring these properties to be maintained.

## DISCUSSION AND DECISION [1]

### I. Proof of the Ordinances

■ At the close of the city's case, Viccaro moved for judgment, arguing the city had not established the existence and validity of the ordinances on the record. After discussion with counsel, the trial court took judicial notice of the ordinances. Viccaro contends this was error. It is true trial courts may not take judicial notice of city ordinances. *In the Matter of Public Law No. 305 and Public Law No. 309,* (1975) 263 Ind. 506, 512, 334 N.E.2d 659, 662; see also *McClurg v. Garte, Inc.,* (1970) 255 Ind. 110, 262 N.E.2d 854; *Rainey v. City of Indianapolis,* (1946) 224 Ind. 506, 68 N.E.2d 545; *Elmore v. City of Sullivan,* (1978) 177 Ind.App. 495, 380 N.E.2d 108; *Carpenter v. Whitley County Plan Commission,* (1977) 174 Ind.App. 412, 367 N.E.2d 1156.

■ However, this court will sustain a judgment on any basis fairly presented by the record, even though we disagree with the trial court's reasoning. *Cain v. State,* (1973) 261 Ind. 41, 45–46, 300 N.E.2d 89, 92; *Kranda v. Houser-Norborg Medical Corp.,* (1981) Ind.App., 419 N.E.2d 1024, 1042. Our review of the record reveals the parties stipulated the existence and validity of the ordinances. Thus, further proof was not necessary.

At the beginning of trial, counsel for the city stated:

> We, previous to the occasion of us being here, Mr. Payne, the attorney for the defense, and myself agreed to stipulation of the City Ordinances in question, so we are ready to proceed today with the other factual witnesses. (R. 62)

Viccaro's counsel made no response.

Counsel and the trial court then discussed whether the parties could stipulate the conditions of the properties at the time they were cited. When they could not agree, Viccaro's counsel stated, "It doesn't look like we are going to be able to reach any stipulations regarding this case." (R. 68–69). The trial then commenced.

The city presented its case in chief without further proof of the ordinances. At the close of the city's case in chief, Viccaro's counsel moved for judgment. He argued when he said the parties could not reach any stipulations, he had also refused to stipulate the validity and existence of the ordinances. The trial court then took judicial notice of their existence, and the trial continued.

■ Ordinarily, if parties make an agreement in open court to follow or not follow a course of action, the agreement is binding. *State ex rel. Burdge v. Cum-*

---

**1.** We note the parties' briefs failed to include a verbatim statement of judgment, as required by Ind.Rules of Procedure, Appellate Rule 8.3(A)(4) and 8.3(B), and failed to include cited statutes in the table of authorities, as required by A.R. 8.3(A)(1) and 8.3(B). The appellant's brief cited no authority in discussing the first issue, as required by A.R. 8.3(A)(7). This court

will waive issues or dismiss appeals when parties commit flagrant violations of the Rules of Appellate Procedure, but will exercise its discretion to reach the merits where violations are comparatively minor. We have decided to address the merits in this case. *Cf., Carmichael v. Silbert,* (1981) Ind.App., 422 N.E.2d 1330, 1332.

*mings,* (1935) 208 Ind. 292, 295, 195 N.E. 879, 880. Accordingly, where a stipulation is offered in court and no objection is made, the parties are bound by the stipulation. See, *Cole v. Sheehan Const. Co.,* (1944) 115 Ind.App. 303, 308–09, 57 N.E.2d 625, 627–28. The effect of stipulations is interpreted in light of the entire record. *Pittman-Rice Coal Co., Inc. v. Hansen,* (1947) 117 Ind.App. 508, 72 N.E.2d 364. Accord, *City of Cannelton v. Lewis,* (1953) 123 Ind.App. 473, 480–81, 111 N.E.2d 899, 902. Although municipal ordinances may not be the subject of judicial notice, their existence may be stipulated by the parties. See, *Morgan County REMC v. IPALCO,* (1973) 261 Ind. 323, 328, 302 N.E.2d 776, 779; *City of Indianapolis v. Link Realty Co.,* (1932) 94 Ind.App. 1, 19–20, 179 N.E. 574, 580.[2]

◼ Viccaro's counsel had the opportunity to object to stipulation of the ordinances at the beginning of trial. His later comments were in the context of entirely different matters. In *State ex rel. Randall v. Long,* (1957) 237 Ind. 389, 146 N.E.2d 243, the relators had stipulated to a procedure in the trial court which they later contested in an original action before the supreme court. It said:

> It is too late now for the relators to claim the trial court committed error. One may not stand by and make no objections to the proceeding with the anticipation that if it results favorably, the benefits will be accepted, but if unfavorably then objections will be made.... [W]here parties consent or agree to a method or procedure for settling their rights they may not be heard on appeal to complain of error because the agreed procedure was not in technical conformity with orthodox or usually approved methods.

*Id.,* 237 Ind. at 392, 146 N.E.2d at 245 (citations omitted). Viewing the record as a whole, we find counsel entered a stipulation then belatedly attempted to withdraw it in an unrelated context. Following *Randall,* we will not validate this procedure.

## II. Sufficiency of the Evidence

Viccaro contends the evidence was not sufficient to support the verdict. Specifically, she argues the city did not establish the tracts were owned by the company. We disagree.

◼ As in this case, proceedings to enforce municipal ordinances which do not provide for imprisonment as a sanction are civil actions. *Wirgau v. State,* (1982) Ind. App., 443 N.E.2d 327, 331. See also, *State ex rel. Town of Lowell v. Meredith,* (1966) 247 Ind. 273, 275–76, 215 N.E.2d 183, 184; *Biedinger v. City of East Chicago,* (1958) 129 Ind.App. 42, 45–50, 154 N.E.2d 58, 59–63, and authorities cited. Accordingly, the city need only establish violation of ordinances by a preponderance of the evidence. Cf., *Biedinger, supra,* 129 Ind.App. at 55–56, 154 N.E.2d at 65 (Kelley, J., concurring).[3] On review of sufficiency questions this court will not weigh evidence, and will sustain the verdict if there is evidence of probative value favorable to the judgment. *Andis v. Newlin,* (1982) Ind., 442 N.E.2d 1106, 1108; *Glen Gilbert Const. Co., Inc. v. Garvish,* (1982) Ind.App., 432 N.E.2d 455, 458; *Travis v. Hall,* (1982) Ind.App., 431 N.E.2d 519, 520.

The city health department officer testified no one was at either residence when he

---

**2.** *Link Realty* is somewhat problematic because the decision allowed the parties to stipulate to the *existence* of the ordinance, but not to the city's power to adopt the measure. The company had entered into a private contract with the city, which the city subsequently adopted as an ordinance. We held the city could not adopt a contract it entered with private firms as a municipal ordinance.

The present case is distinguishable. Here, the parties only contest whether the ordinances were proven in the city's case, and not the city's power to adopt the ordinances. The lim-

ited effect given the stipulation in *Link Realty* thus supports our view of the stipulation in this case.

**3.** The city cites us to Ind.Code (1982) 34–4–32–1, which provides proceedings to enforce municipal ordinances are civil actions, requiring proof by only a preponderance of the evidence. However, the statute did not become effective until September 1, 1981. Because the violations here were filed in 1980, we rely on the well established common law rule.

cited the properties, nor was there any other indication on the premises as to who owned them. He examined Allen County tax records and found deeds to the properties indicating these tracts had been transferred to the company in 1978. There was no language of reservation or qualification in the deeds.

Titles to property granted by deeds in the form required by statute are the best evidence of ownership of real property. *Hughes v. Cook,* (1955) 126 Ind.App. 103, 112, 130 N.E.2d 330, 335; *Sheets v. Stiefel,* (1947) 117 Ind.App. 584, 590, 74 N.E.2d 921, 924. See, IC 32–1–2–4.

The deeds were presented as evidence to the trial court. As they contained no language of qualification or reservation, and as there was no evidence of ownership by others, the trial court reasonably could conclude the company owned the properties and was responsible for maintaining them as required by these ordinances. Under our standard of review, we will not disturb the ruling.

Affirmed.

MILLER and RATLIFF (sitting by designation), JJ., concurs.