*Bickle* and *Burchenal*, for appellant.

———————◆———————

DUMELL and Wife *v.* TERSTEGGE. .

MORTGAGE.—A mortgage made to secure an indebtedness, continues to stand as such security, though the note or other paper which evidences the indebtedness may be taken up, and other paper of the same party substituted therefor.

SAME.—Complaint alleged that *A* and wife made mortgage to secure the payment of a note, and that the mortgage and note were filed with the complaint, etc. The note filed with the complaint is executed by *A* and wife

and does not bear interest. The mortgage describes a note of the same date executed by "*A,*" bearing interest from date.

*Held,* that a demurrer to the complaint was correctly overruled in the lower court.

SAME.—Where, by a misdescription in the mortgage, or in consequence of a renewal of the paper originally sued on, that which is produced does not correspond with that which the mortgage describes, the complaint ought to contain specific averments connecting the note sued on with the mortgage given.

APPEAL from the *Floyd* Circuit Court.

FRAZER, J.—The complaint alleged that the appellants made a mortgage of real estate to secure the payment of a note; that the note, though overdue, was not paid; and that the mortgage and note were filed with the complaint, etc. The note filed appears to be executed by *J. Dumell* and *Ann M. Dumell,* and does not bear interest from date. The mortgage describes a note of like date, executed by *Jesse Dumell,* bearing interest from date.

The defendants filed separate demurrers to the complaint, showing for cause that it did not state sufficient facts. The overruling of these demurrers is the only error assigned.

It is a familiar proposition that a mortgage made to secure an indebtedness continues to stand as such security, though the note or other paper which evidences the indebtedness may be taken up, and other paper of the same party substituted therefor by way of renewal or otherwise. Equity, which regards the substance of things, holds the debt as the thing actually intended to be secured, and regards the note as merely the evidence of the debt. It appears from the recitals in this mortgage, that *Jesse Dumell* and *Ann M. Dumell,* at the date of the note and mortgage, were husband and wife. If so, and the debt was really the husband's, then the note did not bind her, and the mortgage correctly describes it as the note of the husband; for such it would be in legal effect. But the note annexed to the complaint did not bear interest, while that which the mortgage describes did. The argument

of the appellant is, that where, by misdescription in the mortgage, or in consequence of renewal of the paper originally secured, that which is produced does not correspond with that which the mortgage describes, the complaint ought to contain specific averments connecting the note sued on with the mortgage given. This is undoubtedly correct, but we can not conceive of any mode by which such averment can be better made than is done in this complaint. It distinctly alleges that the note exhibited *is* the one which was secured by the mortgage. This allegation would admit whatever proof might be necessary to show that fact. In the case in hand, it may perhaps be regarded as the equivalent of an averment that the mortgage, by mistake, misdescribes the note.

Judgment affirmed, with five per cent. damages and costs.

*R. & H. Crawford,* for appellant.

*John S. Davis, Thomas L. Smith,* and *M. C. Kerr,* for appellees.