JOHNSON and Another v. CROSSLAND and Others.

PROMISSORY NOTE.—*Attorney's Fees.*—*Joinder of Causes.*—*Parties.*—Where a promissory note provides for the payment of attorney's fees if suit be instituted thereon, attorney's fees may be recovered in an action on the note, by the person entitled to sue for the debt; and the attorney for whom such fees are claimed need not be made a party plaintiff, though the fees have not been paid before the institution of the suit.

APPEAL from the Hendricks Circuit Court.

DOWNEY, J.—This was an action by the appellees against the appellants on a promissory note for the payment of a specified sum of money, with interest, and attorney's fees, if suit should be instituted on the note.

There was a demurrer to the complaint on the grounds, first, that the complaint did not state facts sufficient to constitute a cause of action; second, that there was a defect of parties plaintiff, the attorney who claims fees should be a party plaintiff by name; third, that several causes of action have been improperly joined in said complaint; fourth, that the plaintiffs have not legal capacity to sue.

This demurrer was overruled by the court; the defendants caused the proper exception to be entered, and declining to make any further defense, final judgment was rendered for the plaintiffs.

Two specifications are made in the assignment of errors: first, the court erred in overruling the demurrer to the complaint; second, in giving judgment for the plaintiffs below as to twenty dollars, attorney's fees.

In his brief, the counsel for the appellants contends that the sum demanded for attorney's fees could not legally be collected in favor of the plaintiffs without an allegation in the complaint that the plaintiffs had before suit was brought paid the attorney's fees, otherwise the attorney of the plaintiff should have been a party plaintiff; and also that two causes of action were improperly joined, there being a cause of action for the plaintiffs to recover the debt, and another for the attorney to recover the amount of his fee.

None of these positions can be maintained. The attorney's fee was recoverable by the plaintiffs, and was a part of their cause of action, and was not a cause of action in favor of the attorney who might be retained by the plaintiffs to bring the suit. Nor was it contemplated or necessary that the plaintiffs should have paid the attorney's fee before the suit was brought. The contract contemplated the assessment of the amount for attorney's fee and the recovery thereof with the amount of the debt mentioned in the note and as a part of the plaintiffs' damages.

But no question, except perhaps the one relating to the improper joinder of causes of action, is properly presented to us. The demurrer was to the whole complaint; and no pretence is made that the plaintiffs were not entitled to recover the sum mentioned in the note aside from the attorney's fee. Nor was any question made as to the amount of the recovery by motion for new trial in the circuit court.

The judgment is affirmed, with ten per cent. damages and costs.

*W. A. McKenzie,* for appellants.

*L. M. Campbell,* for appellees.