PIVOT CITY REALTY COMPANY ET AL. *v.* STATE SAVINGS AND TRUST COMPANY ET AL.

[No. 13,242. Filed April 24, 1928. Rehearing denied June 29, 1928. Petition for transfer dismissed November 15, 1928.]

*William V. Rooker,* for appellants.

*Michael A. Ryan, John. C. Ruckelshaus, John K. Ruckelshaus* and *Russell J. Ryan,* for appellees.

THOMPSON, J.—This is an action by appellee State Savings and Trust Company to recover from appellant Pivot City Realty Company on a promissory note executed by the latter to the former.

On February 18, 1916, the Pivot City Realty Company and its officers Edwin A. Hunt and Will H. Latta entered into a written agreement with the State Savings and Trust Company. By this agreement the State Savings and Trust Company agreed to loan to the Pivot City Realty Company, during a two-year period, any sum not exceeding $50,000, said loan or loans to be effective for two years from the time the money was advanced. Notes of the Pivot City Realty Company drawing six per cent. interest, payable at intervals of ninety days, and indorsed by both Latta and Hunt, were to be given for the money loaned. To secure said loans and notes, warranty deeds to certain real estate to be selected by the Pivot City Realty Company were to be given to the State Savings and Trust Company and held by it as trustee. Credit was to be given up to fifty per cent. of the appraised value of the real estate. Other real estate could be sub-

stituted for that already deeded, provided the amount of the loan secured by it did not exceed fifty per cent. of the appraised value thereof, and said real estate was to be increased or decreased according to the variation in the amount of loans. A commission of two per cent. per annum was to be charged on the $50,000, which appellee was to be ready at all times to loan appellant. The State Savings and Trust Company was to convey any real estate so held by it under said agreement to the person from whom it was received or any other person named, by warranty deed, warranting as against any acts of the trust company, but otherwise conveying only the title so received by it. Costs of making appraisements were to be paid by the Pivot City Realty Company and abstracts of title, recording of deeds, taxes and assessments on lands conveyed were to be paid by the legal owners of said lands. There were two extensions of said agreement, making it effective until February 18, 1922. The last extension, however, was not signed by Hunt and Latta as individuals, but as officers of the Pivot City Realty Company.

The second paragraph of complaint, after exhibiting the above agreement, alleged that, in conformance with the said agreement, a loan of $29,650 was made to appellant by appellee on March 15, 1916, on which date appellant executed to appellee its note for said $29,650, indorsed by Hunt and Latta, and that, under the terms of the agreement, said note and loan were secured by warranty deeds to certain described real estate; that said note was renewed every ninety days until March 17, 1921, on which date the renewal note here sued on was executed. The renewal note was not indorsed by Hunt and Latta, and bore seven per cent. interest. It was further alleged that said note of March 17, 1921, was past due and unpaid, and appellee asked that the deeds

covering said real estate and securing said note be adjudged mortgages and foreclosed.

Motions to make said second paragraph more specific, and demurrers challenging the sufficiency of facts stated therein were overruled. Appellant Pivot City Realty Company answered said second paragraph with a denial and with a partial answer denying that the note exhibited was secured with the trust agreement. Said Pivot City Realty Company also filed counterclaim to recoup for usury, and appellee State Savings and Trust Company answered with a general denial. Appellants Hunt and Latta each answered the second paragraph of complaint, alleging that they did not sign, by indorsement or otherwise, the promissory note filed with the complaint, and averred facts to show that said promissory note was the outgrowth of a novation, whereby Hunt and Latta were released. The Pivot City Realty Company, Will H. Latta, Carrie H. Latta and Edwin A. Hunt answered, for further defense, that the cause of action sued on was fully paid before the bringing of the action. Each of appellants, except the Pivot City Realty Company, for further separate and several and partial answer of *non est factum*, to so much of the complaint as declared upon the promissory note of March 17, 1921, said that said note was not his act and deed. Appellee replied by general denial to all special answers.

There were also cross-complaints setting up tax deeds, on which title to real estate was claimed. It was adjudged at the trial that none of said tax deeds conveyed title, but created only a lien. The holders of these tax liens were made parties appellee, but appellants ask no relief against them.

There was a special finding of facts, and the court, among other things, found the facts to be substantially as alleged in the complaint; that on March 15, 1916, ap-

pellant gave to appellee its note indorsed by Hunt and Latta, for a loan of $29,650, as provided for in the original agreement of February 18, 1916, said note calling for interest and attorney fees; that said note was renewed every ninety days until March 17, 1921, on which date the Pivot City Realty Company executed to appellee its note which is here sued on; that said renewal note was executed pursuant to the terms and conditions of the original agreement and the extensions thereof, as the last renewal note for and representing the original indebtedness to appellee of $29,650; that said note was intended to be in payment of all previous notes, and that it was due and unpaid; that the warranty deeds conveying certain real estate were intended to secure the payment of moneys loaned by the State Savings and Trust Company to the Pivot City Realty Company pursuant to the terms of the agreement of February 18, 1916; that, after adding certain taxes and charges against said real estate to appellee's demand under the terms of said written agreement, and after the deduction of certain payments made to appellee by appellant, the amount due the State Savings and Trust Company from the Pivot City Realty Company was $27,143.03, which amount included $2,000 attorney fees; that appellee did not receive any money from appellants or either of them by way of interest for the use of money loaned appellants, as herein found, which was in excess of the legal rate of interest; and that no money was paid or contracted to be paid by the Pivot City Realty Company for the use of money borrowed by it from appellee, as shown in these findings, in excess of the legal rate of interest; that portions of said real estate were sold for taxes to each of the five cross-complainants, and that each of said cross-complainants holds a tax lien thereon for certain sums of money.

The court's conclusions of law were, in effect, that appellee and each of the five cross-complainants was

entitled to recover, as against the land, the sum of money found due them, and to the foreclosure of their respective liens and the sale of such lands to pay them, and that appellee was entitled to a judgment against the Pivot City Realty Company upon the note sued on for $27,143.03, which included $2,000 attorney fees.

Appellants severally excepted to each conclusion of law, and, with the exception of the Pivot City Realty Company, severally moved for judgment on the facts found specially. The motions were overruled, and exceptions were taken. Judgment was rendered on the conclusions of law as stated. Appellants' motion for a new trial and also their motion to modify the judgment were overruled.

The errors assigned are the action of the court in overruling the motion to make the complaint as amended, and also the second paragraph of complaint, more specific; in overruling the demurrer to the second paragraph of complaint; in denying the motion of appellants for judgment on the special finding of facts; in each of the court's first, second, eighth and ninth conclusions of law; in overruling the motion for a new trial; and in overruling the motion to modify the judgment.

There was no error in the overruling of the motion of the Pivot City Realty Company to make the amended complaint more specific. In the case of *Terre Haute, etc., Traction Co.* v. *McDermott* (1923), 82 Ind. App. 134, at page 138, the court said: "Even if a motion to require a pleading to be made more specific might properly be sustained, the action of the court in overruling the motion is not always reversible error." And, in discussing the same point, the Supreme Court, in the case of *Phoenix Ins. Co.* v. *Rowe* (1889), 117 Ind. 202, 20 N. E. 122, says: "While the granting or refusing of such motions is not a matter wholly within the discretion of the *nisi prius* courts, it is nevertheless

so far discretionary that a reversal would not follow, except in a case where it appeared that the rights of the party complaining may have suffered." In the case at bar, there is nothing to indicate that said Pivot City Realty Company suffered or was harmed by reason of said ruling.

If there was any error in the overruling of the motion of Will H. Latta to make the second paragraph of complaint more specific or in the overruling of the separate demurrers of Latta and Hunt to said second paragraph of complaint, it was harmless, as the final decision was in their favor and no personal judgment was rendered against them, but only against the Pivot City Realty Company.

There was no error in the court's first, second, eighth or ninth conclusion of law. Under said assignment of error, appellants contend that there was no showing in the record that any of appellees' attorneys had ever been admitted to practice law in this state, and that the allowance of $2,000 attorney fees was too large and not supported by any evidence. The record shows that Michael Ryan was conducting the case on behalf of appellee; that he called as a witness one Martin M. Hugg, who testified that he was a practicing attorney and was acquainted with the reasonable value of attorney services, and, after having the issues in the cause stated, and the amount involved, was asked what would be a reasonable fee for appellee's attorney. Answer: "I would say that $2,500 is a reasonable attorney's fee for those services. I am assuming that you are having a trial, as I see you are having here, and that the questions that you have stated are being pressed." This is not an action by an attorney to recover for services rendered, and it was not error to include in the judgment the amount of attorney fees, which, under the evidence, was reasonable.

Appellants further contend that since the court found that the note sued on was given in payment of all previous notes, the indebtedness was paid before the bringing of the action. The court also found that the note in suit was given under the original agreement and the extensions thereof. The mere fact that renewal notes were given for the same debt would not release the security, and, by the terms of the agreement, the last note was secured by the conveyance of said real estate the same as the preceding notes. The substitution of a renewal note for a previous note would not discharge the indebtedness for which the original note was given, as the real estate conveyed under the provisions of the written agreement was to be held as security for the debt. In the case of *Jouchert* v. *Johnson* (1886), 108 Ind. 436, 9 N. E. 413, the court said: "The transaction is to be inspected in all its parts, and the intent of the parties as discovered from all the circumstances, is to control in its interpretation. Thus it is uniformly held, that the presumption of payment, which ordinarily arises from the giving of a note governed by the law merchant, will be controlled when its effect would be to deprive the party who takes the note of a collateral security, or any other substantial benefit. In such cases the presumption of payment is rebutted by the circumstances of the transaction itself." See *Kelley* v. *York* (1915), 183 Ind. 628, 109 N. E. 772.

Appellant Pivot City Realty Company's contention that the two per cent. yearly commission charged by appellee on the $50,000, as provided for in the written agreement, was usurious, is not meritorious. In the special findings, the court found: "That plaintiff did not at any time receive any interest from defendants or either of them by way of interest for the use of money loaned defendants, as herein found, which was in excess of the rate allowed by law," and

"that no money was paid or contracted to be paid to plaintiff by the Pivot City Realty Company for the use of the money borrowed by it from plaintiff, as shown in these findings, in excess of the legal rate of interest." The commission thus provided for was to compensate appellee State Savings and Trust Company for being at all times prepared to loan appellant the full amount of the $50,000, for the extra work in making the renewals of notes, accepting conveyances, and reconveying by appellee as provided for in the written agreement. The court has nowhere found that the contract was illegal or unfair as between the parties under the circumstances involved.

Appellants each filed a separate motion for a new trial, assigning as grounds therefor the action of the court in overruling objections to the introduction of certain exhibits offered in evidence, and the overruling of objections to certain interrogatories and answers thereto. Without discussing each of these objections separately, it is sufficient to say that we have gone over them carefully and find no reversible error. Several of the same questions were involved in the motions to make more specific and the demurrers of Latta and Hunt, resulting as heretofore indicated. Neither was there error in overruling the motion to modify the judgment. There is evidence to sustain the finding of facts, and the judgment was not excessive and was in conformity with the conclusions of law.

Affirmed.