## In Re Davis.

[No. 25,639.   Filed December 20, 1932.]

*J. H. Kiplinger* and *Paul Brown,* for appellant.

MARTIN, J.—Chase P. Mauzy, as assignee for the benefit of creditors of Howard P. Davis, filed his final report in the matter of such assignment, in which he claimed as credits payment of $475 to himself and $600 to his attorneys as fees for services.

It appears from the partial and final reports that Davis conducted a mercantile business. The total charges in the estate were $8,348.14. Claims were allowed in the sum of $18,448.58; two claims were contested, one for $6,417.69 and one for $539.08.

The final report, in explaining the credits claimed for the assignee and his attorney, states that a large amount of work was done by them; that the assignee put in time inventorying and selling the property and investigating the claims; that the attorney was compelled to spend time in the administration of the estate and to be absent from his office on many occasions; and that the sums charged were fair and reasonable charges for the services rendered.

The final report was filed June 21, 1927. It was submitted to the court and taken under advisement on January 30, 1928. No action was taken by the court until June 8, 1928, when the court made an order fixing the fee of the assignee at $375 and the fee of the attorney at $400 and directing the assignee to pay to the clerk

for distribution to the creditors the sum of $300 and that upon so doing the final settlement should be approved.

On June 27, 1928, the assignee filed a verified motion asking the court to set aside its order of June 8 regarding allowances, alleging that such order and judgment was made without any evidence being heard regarding the value of such services; that assignee had alleged in his sworn final report the reasonable value of the services and if permitted to do so would offer proof to substantiate the fees charged for himself and his attorney. The verified motion further set out that neither the assignee nor his attorney were in court at the time the order of June 8 was made, and that they were given no opportunity to except or object to the same; that at no time had any order been made requiring assignee or his attorney to make proof of the value of the services and that no objections had been filed or made by any person entitled to participate in the estate against said final report or the fees claimed therein. The motion concludes with the allegation that the assignee desires to, and will if given the opportunity, present evidence in support thereof, and the prayer that the order of June 8 be set aside and the matter of fees charged in said final report be set down for hearing and that petitioner be granted an opportunity to give evidence in support of the fees charged. The court overruled such motion, which action is assigned as error here.

It was the duty of the court to allow the assignee for his services just and proper compensation. [§§3836, 3832 Burns 1926.] It was the assignee's duty to administer the trust to the best advantage and to protect it, and, to this end, he was authorized to employ and pay for necessary assistance, including an attorney to advise and assist him on legal matters that arose in connection with such administration. *Hutmacher* v. *Anheuser-Busch, etc.* (1896), 71 Ill. App. 154;

*Clark* v. *Sawyer* (1890), 151 Mass. 64, 23 N. E. 726, 727. The assignee detailed in his report the services that had been rendered by him and by his attorney, and made a sworn statement as to their value. In the absence of any adverse evidence he would ordinarily be entitled to credit for such sum. *J. I. Case Plow Works* v. *Edwards* (1898), 176 Ill. 34, 51 N. E. 618, 620.

A court independently of expert evidence is usually qualified to and may judge the value of legal services. *Dunn* v. *Deitschel* (1930), *post* 269, 169 N. E. ██ 529, but granting this power of the court, we believe this assignee and his attorney were entitled to a hearing on the reasonableness of the charges made, they were entitled to present evidence regarding the value of their services, and a court should not arbitrarily, without notice and without granting them the opportunity to present their evidence, determine the value thereof. We believe the court erred in denying the motion of the assignee to set aside its order of June 8 and permit him to present his evidence.

Judgment reversed.

Roll, J., concurs in result.