## KIRKPATRICK GRAIN COMPANY *v.* FARMERS-MERCHANTS STATE BANK OF DARLINGTON.

[No. 15,064. Filed March 30, 1936.]

*Chase Harding* and *Robert B. Harding,* for appellant.

*Johnston & Johnston,* for appellees.

WIECKING, J.—This was an action by appellee bank below against Kirkpatrick Grain Company and Zoy Branstetter for conversion of property mortgaged by

Branstetter to the appellee bank. The amended complaint alleged the execution of a chattel mortgage by Branstetter on March 31, 1930, to secure a note of $2,700 dated March 1, 1930, and covering among other things the undivided one-half of all wheat and oats raised on certain real estate during that crop year by Branstetter, a tenant of one Halstead. A copy of the mortgage in the usual form showing its acknowledgement and recording was set out as an exhibit to the amended complaint. The pleading further alleged that during the summer of 1930, Branstetter unlawfully and without the consent of appellee bank had offered to sell and had sold certain wheat and oats covered by the mortgage to appellant. That appellant refused to surrender said grain or to make settlement with appellee bank for such mortgaged property sold to it. To this complaint appellant filed a demurrer which was overruled. It then filed an answer in two paragraphs, the first general denial and the second affirmative matter. Appellee bank filed a motion to separate the second paragraph of answer into separate paragraphs, which motion was sustained and appellant then filed its amended second, third, and fourth paragraphs of answer.

The amended second paragraph of answer alleged that Branstetter and the Halsteads were engaged in a joint venture and that the grain delivered to the appellant was the property of such partnership; that the account in question was a debt of the joint venture and that all the merchandise going to make up the items in the account had been furnished at the special instance and request of the parties to the joint venture. It further alleged that appellant was ready and willing to pay the balance due to any party the court might direct. The third paragraph of answer attempted to set up an estoppel against the appellee bank. It alleges that Branstetter and Halsteads were engaged in a joint enter-

prise; that each year the appellee bank had had a mortgage on the property of Branstetter and his share of the grain grown upon the farm in question; that each year appellant had furnished supplies for the farming operation and that each year appellee bank had permitted appellant to take out of the proceeds of the grain delivered to it the value of such supplies at the time of settlement; that each year appellee bank had called up appellant and asked appellant to make a settlement with appellee Branstetter and send the balance to the bank; that this continued course of action had established a custom and appellee bank was now estopped to claim the amount deducted in the present year. The fourth paragraph of answer alleges a joint farm operation between appellee Branstetter and the Halsteads; that for many years appellee bank and Branstetter had been jointly interested in feeding stock; that appellee bank had a chattel mortgage each year similar to the one herein involved; that during the year 1930 the mortgage was for the sum of $2,700 and that during that year from the proceeds of the joint feeding operation and other funds of Branstetter, a large portion of the debt was paid to appellee bank and that near the end of the year Branstetter and the bank held a sale of mortgaged property and all the property was either sold and applied to the debt or taken over by the bank. The answer further alleged that for many years, at the request of Branstetter and the bank, appellant had furnished supplies to Branstetter and that as crops were marketed it was repaid from the proceeds and that appellee bank participated in the settlement and repayment. That during the year 1930, the landlord Halstead had filed a landlord's lien against his tenant. That appellant had taken out the value of its account and stood ready to account for the balance to the person entitled and that appellee bank had been fully repaid by proceeds of the

farm operation and the proceeds of the crops to more than the said sum of $284.95.

Reply in general denial was filed by appellee bank to each paragraph of affirmative answer and appellee Branstetter filed an answer in general denial to the complaint which closed the issues. Trial was had before a jury, which returned a verdict for appellee bank and against appellant on the complaint and for the appellee Branstetter. The appellant filed a motion for new trial which was overruled by the court and now prosecutes this appeal properly presenting (1) that the court erred in overruling appellant's demurrer to appellee bank's amended complaint and (2) the court erred in overruling appellant's motion for new trial. The specifications of the motion for new trial presented here are (1) that the verdict of the jury is not sustained by the evidence and (2) error of the court upon instructions.

We find no error in overruling the appellant's demurrer to the amended complaint. The complaint set out the fact of the mortgage and that the property sold by Branstetter and purchased by appellant was covered by the mortgage and that such property was sold without the consent of the mortgagee. The mortgage here was the basis of the action, as it was an action for conversion of mortgaged property. A copy of such mortgage was properly set out as an Exhibit with the complaint. Burns Indiana Statutes Annotated 1933, Section 2-1031.

On the question of the motion for new trial on the ground that the verdict is not sustained by the evidence, the appellant relies upon the fact that a new note and mortgage have been executed by Branstetter to appellee bank for the balance of the same debt which the mortgage in suit secured. The evidence is uncontroverted that no credit had been given for the value of the property in suit in arriving at the amount

of the new note; that the new note was a renewal of the balance due on the original note and that the new mortgage covered all of the same property still in the hands of the mortgagor with certain additional property, the only difference being that certain mortgaged property had been sold with appellee bank's consent and the interest in crops covered were for the year 1931 on the farm on which appellee Branstetter was then located. It has been held many times by the courts of this state that the execution of new notes in renewal of those originally given, and for the same debt, does not release the mortgage given to secure such original notes. The mortgage stands for the debt, even though there be many changes in the form of the evidence of indebtedness, and notes given in place of the original note are covered by the mortgage and it remains as security for such renewal note. *Bodkin et al.* v. *Merit* (1882), 86 Ind. 560; *Mayer et al.* v. *Grottendick* (1879), 68 Ind. 1, 5; *Kelly* v. *York* (1915), 183 Ind. 628, 109 N. E. 772; *Pivot City Realty Co.* v. *State Savings, etc., Co.* (1928), 88 Ind. App. 222, 162 N. E. 27; *Dumell and Wife* v. *Terstegge* (1864), 23 Ind. 397; *McCormick* v. *Digby et al.* (1846), 8 Blackford 99; *Jouchert* v. *Johnson et al.* (1886); 108 Ind. 436, 9 N. E. 413.

It appears from the decisions in Indiana that the precise question has never arisen with respect to a note and mortgage given as renewals for prior similar instruments. The question has arisen with regard to real estate mortgages. In the case of *Pouder et al.* v. *Ritzinger et al.* (1885), 102 Ind. 571, 575, 1 N. E. 44, the court said:

"The foregoing authorities show that the taking of a new note and mortgage by a mortgagee from a mortgagor, for the same debt, upon the same land, will not discharge the lien of the first mortgage, *but such lien will be continued in the new mort-*

*gage, even if the first mortgage be cancelled."* (Our italics.)

The court in *Kelly* v. *York, supra,* in commenting on a similar case, cited with approval the case of *Jouchert* v. *Johnson, supra,* making the following statement in regard to the principle involved (p. 631):

> "It was held that the presumption of payment, ordinarily arising from the acceptance of a note governed by the law merchant, is rebutted when its effect would be to deprive the payee of a collateral security or any other substantial benefit; that in such cases, the presumption of payment is rebutted by the circumstances of the transaction."

From all the facts and circumstances of the transaction in the instant case, it is our opinion that the new note and mortgage were not given in payment of the original debt but merely changed the form of such debt and the original mortgage, upon which this action is based, remained as security for the debt.

The question of the giving or refusal to give instructions by the court is not properly presented to us for determination. The brief does not set out all of the instructions given by the court, but only a part of such instructions and the statement of the briefer's opinion of the contents of the other instructions.

By appellant's failure to set out the instructions in its brief, no question is presented to this court upon such instructions. Rule 21, Clause 5, Rules of the Supreme and Appellate Courts of Indiana.

The judgment of the Montgomery Circuit Court is affirmed.

Judgment affirmed.