BOYDSTUN *v.* COOK AND COMPANY.

No. 41410 March 7, 1960 118 So. 2d 354

*Boydstun & Boydstum,* Louisville, for appellant.

*Wm. Harold Cox,* Jackson, for appellees.

McGEHEE, C. J.

The appellees, W. G. Cook and W. L. Cook, doing business as Cook and Company, sold to the appellant, M. O. Boydstun, one Mack diesel truck of a value in excess of $12,500.

It became necessary from time to time to make repairs on the truck in question and the appellant had a credit rating with the appellees when the first repairs in the total amount of $397.67 were made, as evidenced by four separate invoices. The owner was allowed to remove his truck on each of the four occasions without prepayment of the repair charges. However, his account was finally placed on a cash basis and on one occasion he had the truck overhauled and the repair bill therefor amounted to about $1,060, which amount, according to the testimony on behalf of the appellees was supposed to have been paid before the truck was removed from the garage of the appellees in Jackson, Mississippi, but according to the testimony a driver of the appellant went to the place of business of the appellees and removed the truck without the authority or consent of the appellees so to do. The trial judge who heard the case by agreement without the intervention of a jury was evidently of the opinion that the truck was not voluntarily surrendered to the owner. Later the appellant carried the truck back to the place of business of the appellees and incurred a further repair bill of $104. The appellant thereafter endeavored to get possession of the truck again by paying the last two repair bills hereinbefore mentioned and upon being denied that privilege, he filed this suit in replevin and valued the truck at only $1,750 in his affidavit and was able to get possession thereof by giving a bond in double this amount or the sum of $3,500, stating in his affidavit that the truck had been taken from

his possession within the previous thirty days, but which allegation of the affidavit was untrue.

After the filing of the replevin suit, it was claimed by the appellant that the appellees contended that they were holding the truck for all of these three repair bills. After objection made by the appellees in regard to the value of the truck as stated in the affidavit and in regard to the amount of the replevin bond, the appellant made an amended affidavit valuing the truck at $7,500 and executed a $15,000 bond. He did not amend his affidavit to the effect that the truck had been taken from his possession within the previous thirty days. When he amended his affidavit otherwise so as to increase the stated value of the truck and gave the bond in the larger amount, he had already succeeded as aforesaid in wrongfully getting possession of the truck from the appellees by means of the former erroneous affidavit and bond.

 It was held in the case of Watson v. Broadhead, 203 Miss. 142, 33 So. 2d 302, that the surrender of a truck by the garage man does not result under Sec. 355, Code of 1942, in his losing his lien thereon, except as against one deriving title or possession through the owner, and no such third person is involved in the instant case.

 The sole question presented for decision in this case is who was entitled to the immediate possession of the truck. It is to be conceded that the appellees had the right to retain possession of the truck until the last repair bill of $104 at least was paid, if not until the $1,060 repair bill was paid. And under the decision in the case of Watson v. Broadhead, supra, the appellees did not lose their lien on the truck for the costs of the repairs, and for the enforcement of which lien the appellees had the right to proceed as for the enforcement of a lien for for purchase money, and although in the Broadhead case the appellee was not the owner of the truck but merely the holder of a contractual lien thereon by assignment, the question before us in the instant case is whether

Boydstun, as the owner of the truck, had the right to the immediate possession thereof as against the appellees who were holding the truck for the unpaid repair bills. We think not.

The appellant does not contend that any of the work was unsatisfactorily done nor that any of the charges for repairs were incorrect. He concedes that the appellees had a lien on the truck for all of the repairs but that he did not have a possessory lien for the $397.67, but that his remedy for the enforcement of his lien to that extent was in the manner provided by statute for the enforcement of a lien for unpaid purchase money. But we think that it would be unreasonable to require the mechanic to surrender the repaired property upon payment of part of the charges and to then resort to another law suit for the enforcement of his statutory lien in the manner provided for the enforcement of a lien for purchase money on the ground that he had surrendered possession to the appellant following the making of the repairs aggregating the sum of $397.67.

Under the facts and circumstances of this case the appellant was in no position to insist on the surrender of the truck to him at the time he filed his replevin suit without an offer on his part to pay all of the unpaid repair bills hereinbefore mentioned and none of which were barred by any statute of limitations. We think the decision of the circuit court was correct in rendering judgment in favor of the appellees that they recover possession of the truck for the enforcement of their liens for repairs unless the appellant should pay the repair bill of $397.67, the one for $1,060, and the one for $104 together with the legal rate of interest thereon.

 As to the item in the amount of $390.73 assessed by the trial judge as "actual damages" in the absence of any proof as to what the actual damages consisted of we are of the opinion that the trial judge was authorized under the law to allow a reasonable attorney's fee to the

appellees for the wrongful suing out of the writ of re-
plevin. However, we are unable to determine whether
the above-mentioned amount was all allowed as an at-
torney's fee or as an attorney's fee and other damages
and it will therefore be necessary to remand the case for
the taking of proof as to the amount of actual damages
sustained, since it is not clear whether the trial judge
intended to allow this full amount as an attorney's fee
or not. The taking of proof is not essential to the allow-
ance of an attorney's fee when the same is allowed by
the trial judge. Renaldo v. Lamas, 151 Miss. 207, 117
So. 528; Moss v. Miss. Livestock Sanitary Board, 154
Miss. 765, 122 So. 776. ■■■ Ordinarily, he would not
need the opinion of an attorney as to what would be a
reasonable attorney's fee since he is an attorney himself,
but if any part of the amount allowed as damages was
to cover actual damages other than an attorney's fee, it
would be necessary for proof to be submitted in support
of the motion for the allowance of such damages.

From the foregoing views it follows that the case must
be affirmed in all respects hereinbefore mentioned ex-
cept as to the allowance of damages and remanded as to
that item.

Affirmed in part, reversed in part and remanded.

*Hall, Holmes, Ethridge* and *Gillespie, JJ.,* concur.