JAMES PITCHER *v.* HENRY A. BALTZ, DBA LAWRENCE
COUNTY IMPLEMENT COMPANY

5-4239                                      414 S. W. 2d 859

Opinion delivered May 22, 1967

*Rhine & Rhine,* for appellant.

*Kirsch, Cathey & Brown, (Ray A. Goodwin),* for appellee.

CARLETON HARRIS, Chief Justice. A Greene County jury returned a verdict for Henry A. Baltz D/B/A Lawrence County Implement Company, appellee herein, against James Pitcher, appellant herein, on October 12, 1966, in the total amount of $3,244.47, bearing interest at the rate of 10% per annum until paid. Subsequently, the court awarded an attorney's fee in the amount of $324.45, representing 10% of the principal and interest found to be due, together with costs. From the judgment so entered, appellant brings this appeal.

The testimony of the parties is in irreconcilable conflict. Baltz tesitfied that a salesman of his company, Ray Cox, sold Pitcher a second hand 141 International com-

bine in September, 1962. Evidence on behalf of appellee reflects that appellant traded in a John Deere combine, leaving a balance due in the amount of $3,000.00. Under the terms of this transaction, $1,000.00 was due in November of the same year, and $1,000.00 in each of the next two years. Appellant gave to appellee's salesman a note in the said amount, with the last two installments bearing interest from date. Thereafter, according to Baltz, Pitcher and his father came to the implement company office on December 13, 1962, advising that he was not able to meet the $1,000.00 payment that was a few weeks past due. After a discussion, including an agreement to cancel certain repair bills which appellant had sustained in repair of the combine, and which had been occasioned by its use during the fall of 1962, Pitcher paid the sum of $600.00, and executed a new note for $2,400.00, interest being computed on the installments that would be due in November, 1963, 1964, and 1965, respectively.

It might be mentioned that, according to appellee, at the time of the September transaction, appellant had also executed appellee's customary retail order form for used equipment, which reflected the transaction in its entirety. Baltz stated that, at the time of the December agreement, Pitcher not only executed a new note, as heretofore stated, but also executed a new copy of the retail order. This retail order reflects a total purchase price of $4,250.00, an allowance of $1,250.00 for the combine traded in by appellant, the cash payment of $600.00 made by Pitcher, the unpaid cash balance of $2,400.00, time price differential of $439.98, and the schedule of payment installments which would be due in 1963, 1964 and 1965. Appellee testified that he then returned the September note, and September order to Pitcher, since the new contract had been entered into.

The only matter in which the litigants agree is that $600.00 was paid on December 13; however, Pitcher says this amount was paid as a matter of relieving him from his September contract of purchase, and that he told

Baltz to pick up the combine.

Thereafter, appellee negotiated the installment note to International Credit, with recourse upon appellee provided appellant failed to make his payments. None of the installments were ever paid by Pitcher, appellee making all payments to avoid default under the note. Following the last payment, International reassigned the note to Baltz, who repossessed the combine, sold same, and sued Pitcher for the deficiency, together with attorneys' fee as provided in the note.

Appellant denied executing the December note, and stated that he had signed the note and order sued on in September in blank; he contended that these blanks had been subsequently filled in by appellee and constituted the alleged December note. Pitcher testified that he kept asking for the note that had been executed (in September), but Baltz never would return it to him. He also contended that, under the September agreement, the balance due was $2,400.00, rather than $3,000.00.

Actually, the only question presented was whether Pitcher executed a note, and order, in December, 1962. For reversal, appellant first asserts that the court erred in admitting, over his objection, certain evidence offered by appellee, and in restricting and limiting certain evidence offered by appellant. The second assertion for reversal is that the court erred in granting, on appellee's motion, after the jury had been dismissed, judgment for the attorneys' fee, over the written objection of appellant.

Appellant constantly objected to the court's action in permitting Mr. Baltz to testify concerning the terms of the September note, stating, "We object. The note is the best evidence, and we ask that the note be introduced." Of course, under appellee's theory, the note could not be introduced, for Baltz stated it had been given to Pitcher in December when the new note and order were executed. Obviously, the note could not be introduced by the appellee if it had been turned over to the appellant.

Appellant also asserts that, though permitting counsel for appellee to question his witness relative to the September transaction, the court refused to permit the appellant to testify relative to some phases of the September transaction. The argument is without merit for two reasons. In the first place, it appears that all of the facts desired to be placed in evidence concerning the September transaction were, before the trial was over, testified about, and in the next place, when the court ruled adversely to appellant on a particular question (concerning the September transaction) no offer of proof was made, and we are without knowledge as to what the answer might have been.[1] Appellant's father testified in complete detail as to appellant's version of the transaction which purportedly occurred at the time of the signing of the September note. The court also, originally, refused to permit Pitcher to testify that appellant signed the note in blank. However, this testimony was later admitted, and, in fact, an instruction was given embodying appellant's theory. Defendant's (appellant's) Requested Instruction No. 1, as amended, was given to the jury, as follows:

"If you find that the note introduced in this suit, upon which the plaintiff bases his right to obtain judgment against this defendant was not filled out, showing the principal and the time and amount of payments and due dates according to their agreement, and without defendant's knowledge and consent, you are instructed to find for the defendant."

Appellant also complains that his testimony about the transaction in September was limited, the court instructing the jury to the effect that any testimony about the September transaction was permitted only for the purpose of determining the accuracy of the testimony

[1]The same situation existed when appellant asked a question of Mr. Baltz on cross-examination relative to the sale price of the combine (in September). The court sustained an objection to the question, but appellant did not offer to show what the answer would have been.

of the parties with regard to what happened in December, 1962, and for no other purpose. This ruling was correct. Let it be borne in mind that the note sued on was, according to appellee, executed in December. The answer to this litigation, after all is said and done, depends entirely upon the December transaction, *i.e.*, did Pitcher pay the $600.00 on the $1,000.00 payment due in order to renegotiate a new loan—or did Pitcher pay the $600.00 as a matter of terminating the contract. The testimony relating to what happened in September when the original purchase was made is only pertinent and important insofar as it sheds light on what agreement was entered into in December—or perhaps more simply stated, the September transaction was only pertinent to the extent that it evidenced which man was telling the truth about the December transaction.

Each side offered additional witnesses concerning the original agreement in September, and appellant offered the testimony of his father and wife, who, according to his statement, were present at the time of the December transaction. These were fact questions, and accordingly, to be determined solely by the jury. The jury found for appellee, and this finding set at rest all fact questions involved in the litigation.

Appellant next complains that two days after the jury rendered its verdict, appellee's attorney, by oral motion, requested the court to allow judgment for a reasonable attorney's fee in the amount of $324.45. Appellant objected, and asked for leave to reduce his exceptions to writing, the request being granted. The arguments in support of appellant's objection are that the matter of an attorney's fee should have been presented to the jury and no evidence was presented either to the jury or to the court relative to the proper amount that would constitute a reasonable attorney's fee. The arguments are without merit. There was no reason for the question of attorney's fee to be presented to the jury, for appellee's counsel was not entitled to a fee until *after* the jury had rendered a verdict in his client's be-

half. Appellant complains that no evidence was offered to the court, but this argument is without merit for two reasons. For one, though counsel for appellee requested the judge to withhold the entry of the judgment for at least one week, in order that appellant might have an opportunity to offer testimony with respect to the reasonableness of the fee allowed, and although the judgment was not actually entered for several weeks, apparently no effort was made by appellant to present any evidence. In awarding an attorney's fee, it is not necessary that testimony be offered as to the reasonableness of the fee where the court has an opportunity to become familiar with the case and the nature of the services rendered. In *Tech-Neeks, Inc.* v. *Francis, et al,* 241 Ark. 390, 407 S. W. 2d 938, we said:

"The court allowed a $1,500.00 attorney's fee, and appellant contends that this amount is excessive. It is mentioned that no testimony was offered through other attorneys as to the amount that would constitute a reasonable fee, but this was not necessary. In *Phoenix Insurance Company of Hartford* v. *Fleenor,* 104 Ark. 119, 148 S. W. 650, this court said:

"'It is also true the record does not show that any proof was taken upon the question of a reasonable attorney's fee before one was fixed by the court, but he had the whole matter before him, was familiar with the case, and the service done by the attorneys therein, and we cannot say that there was no evidence warranting his fixing the amount of the fee, which was a matter within the discretion of the court. Neither do we think the amount allowed is excessive.' "

The note sued upon provides for the payment of reasonable attorney's fees incurred in collecting same, and we are of the opinion that the 10% fee allowed by the Greene Circuit Court was entirely reasonable.

Finding no reversible error, the judgment is affirmed.

FOGLEMAN, J., not participating.