Carl **LEIBOWITZ**, Defendant-Appellant,

v.

Richard **MOORE** and Helen Moore, Plaintiffs-Appellees.

No. 3–1281A307.

Court of Appeals of Indiana, Third District.

June 29, 1982.

Rehearing Denied Aug. 18, 1982.

---

J. David Keckley, South Bend, for defendant-appellant.

Max K. Walker, Jr., William J. Cohen, Slabaugh, Cosentino, Walker & Shewmaker, Elkhart, for plaintiffs-appellees.

GARRARD, Judge.

Carl Leibowitz appeals an award of ten thousand dollars ($10,000) as attorneys' fees in a suit on a promissory note. He contends the evidence was insufficient to sustain the award and further that it was excessive.

On March 17, 1981 the Moores filed a complaint against Leibowitz based upon breach of a promissory note payable in installments. The Moores additionally prayed for an award of reasonable attorneys' fees in accordance with the terms of the note. Eventually, the trial court granted a motion for default judgment filed by the Moores. They were awarded $37,274 in principal together with accrued interest in the sum of $3634.16. Based upon representations of counsel but without conducting a hearing or receiving evidence, the court entered its award of attorney fees. We conclude this was error.

■ Our courts have long held that while a defendant's default admits liability, it does not admit the amount of damages. *Siebert Oxidermo, Inc. v. Shields* (on rehearing) (1981), Ind.App., 430 N.E.2d 401.

■ What amount constitutes a reasonable attorney fee is a question of fact to be determined under the circumstances of a given case just as are questions concerning the reasonableness of other professional fees. *Lystarczyk v. Smits* (1982), Ind.App., 435 N.E.2d 1011.

■ Admittedly, our courts have sometimes held that the trial judge is a qualified expert and as such may "judicially notice" the amount of a reasonable fee.[1] We considered these cases in *U.S. Aircraft Financing, Inc. v. Jankovich* (1980), Ind.App., 407 N.E.2d 287 and concluded that the fact that the attorney's client had agreed to, or paid, a certain fee was not controlling as to reasonableness and that judicial notice of what constitutes a reasonable fee should not be applied except to usual and mundane affairs of the court involving relatively modest sums.

In our view, and as expressed by Judge Chipman in *U.S. Aircraft Financing*, the extra effort required to place of record evidence of the services performed and their reasonable value under the circumstances is vastly outweighed by the additional apparent integrity thereby imparted to the determination. *See also Lystarczyk, supra.*

---

1. While this provides a practical solution in mundane cases, it is nevertheless an aberration of the doctrine of judicial notice, at least since the abolition of minimum fee schedules. *See*

*School City of Gary v. State ex rel. Gary Artists League, Inc.* (1970), 253 Ind. 697, 256 N.E.2d 909, 42 A.L.R.2d 1432; *Belcher v. Buesking* (1978), Ind.App., 371 N.E.2d 417.

We therefore reverse as to the award of attorneys' fees and remand for further proceedings consistent herewith.

HOFFMAN, P. J., dissents and files separate opinion.

STATON, J., concurs in result and files separate opinion.

STATON, Judge, concurring in result.

I concur in the result reached by Judge Garrard. While I do not believe the trial court erred by awarding attorney fees, I believe the trial court abused its discretion by awarding an unreasonable amount.

In cases tried without a jury, a judge may take judicial notice of what a reasonable attorney's fee would be, even absent any evidence in the record. *McDaniel v. McDaniel* (1964), 245 Ind. 551, 201 N.E.2d 215, 220; *In re Marriage of Gray* (1981), Ind.App., 422 N.E.2d 696, 703 (*reh. denied*); *Fox v. Galvin* (1978), Ind.App., 381 N.E.2d 103, 108; *Marshall v. Russell R. Ewin, Inc.* (1972), 152 Ind.App. 171, 282 N.E.2d 841, 850. *Contra, The Henry B. Gilpin Co. and Mooney-Kiefer-Stewart Co., Inc. v. David Moxley* (1982), Ind.App., 434 N.E.2d 914 at 920. Judicial notice is proper because of the trial judge's expertise, acquired through professional experience, regarding what is a reasonable charge for the legal work done in the case before him. *McDaniel, supra,* 201 N.E.2d at 220; *Fox, supra,* 381 N.E.2d at 108.

Judge Garrard would limit judicial notice of reasonable attorney fees to mundane legal matters involving relatively modest sums. He states in the majority opinion that this limitation prevents "an abberation of the doctrine of judicial notice, at least since the abolition of minimum fee schedules." I disagree with this statement. A trial judge is no less an expert regarding attorney fees since the abolition of minimum fee schedules. It belies the trial judge's experience and knowledge to assert that he does not know what fees are generally being charged by the attorneys practicing before him.

I also disagree with the imposition of this limitation because its practical effect would be to eliminate judicial notice of attorney fees. Before taking judicial notice of attorney fees, a trial judge would first have to determine if the case was appropriately mundane and the sum modest enough. Requiring the trial judge to make such a determination complicates the proceedings at trial and is contrary to the purpose of judicial notice, which is to simplify and expedite trial proceedings where possible. In addition, a careful attorney would have to introduce evidence regarding the value of his services to insure that the award would be upheld on appeal if the trial court has made an incorrect determination. As a result, evidence would almost always be admitted because the vague "modest and mundane" standard espoused by Judge Garrard prevents attorneys and trial judges from reaching a proper decision through legal reasoning.

The vagueness of this standard is illustrated by my disagreement with Judge Garrard's determination that judicial notice of attorney fees was not proper in the present case. This case did not involve novel or difficult questions of law or fact and Moore's attorney needed no special skill to perform his legal services properly. In obtaining a default judgment on an approximately $40,000 promissory note, Moore's attorney filed a one and one-half page complaint, a two page motion/memorandum opposing Leibowitz's motion to dismiss, and a one page motion for default judgment with supporting affidavit. Moore's attorney also attended a combined hearing on Leibowitz's motion to dismiss and Moore's motion for default judgment. Based on the record of proceedings I believe that, even under Judge Garrard's limitation, judicial notice was proper in the present case.

The reasonableness of a judicially noticed attorney fee award is within the trial judge's sound discretion. However, the award will be reversed on appeal when an abuse of that discretion is shown. *Streets v. M.G.I.C. Mortgage Corp.* (1978), Ind.App., 378 N.E.2d 915, 921 (*reh. denied*). Abuse of discretion occurs when the result is clear-

ly against the logic and effect of the facts and circumstances before the judge. *Arnold v. Dirrim* (1979), Ind.App., 398 N.E.2d 426, 441.

The unreasonable award of attorney fees in this case was an abuse of the trial court's discretion. When requesting the default judgment, Moore's attorney informed the court that he had spent seventeen and one-quarter hours working on this case. For these seventeen and one-quarter hours of routine legal services, Moore was awarded $10,000 as "reasonable" attorney fees under the note's attorney fee provision, approximately $580 for each of his attorney fee hours.[1]

Understandably, Leibowitz contends that the amount of attorney fees was unreasonable. The trial court's written opinion denying Leibowitz's motion to correct errors reveals that the amount of attorney fees was based on the twenty-five percent contingent fee agreement between Moore and his attorney. Apparently determining that this fee agreement was reasonable as between Moore and his attorney, the trial court found that Leibowitz's liability for attorney fees should equal approximately one-fourth of the judgment.[2]

Assuming that the agreement was reasonable as between Moore and his attorney, the trial court incorrectly used it as a basis for Moore's attorney fee award. The trial court confused a determination of the reasonable fair market value of the services rendered with a determination of whether the attorney-client fee agreement was reasonable. Common sense and commercial practice dictates that the debtor has contracted to reimburse the holder for the former and not the latter.

In construing this promissory note's attorney fee provision, I must adopt the construction which appears to be in accord with common sense and the obvious intention of the parties. Construed in this manner, the issue is: What has this provision obligated the debtor to do? Obviously, attorney fee provisions in promissory notes are not agreements by debtors to indemnify holders for their *total* expenses since it is axiomatic that fees awarded pursuant to these provisions must be "reasonable." Similarly, debtors are not agreeing in these provisions to reimburse holders for their *total reasonable* expenses since all collection costs are unknown at the time of judgment when attorney fees are awarded.[3] It follows that the purpose of these provisions is to reimburse the holder for the amount of reasonable attorney fees incurred in vindicating his collection rights by obtaining a judgment on the note.[4]

But which of the many different measures of "reasonable" attorney fees has the debtor agreed to reimburse to the holder? For example, a fee awarded by a jury is reasonable if based on sufficient evidence. Thus, in a trial by jury the debtor is bound to abide by the jury's determination if within the evidence presented. Similarly, a fee

1. The award of attorney fees belongs to the holder as part of the judgment. *Johnson v. Crossland* (1870), 34 Ind. 334, 335; *Pivot City Realty Co. v. State Savings & Trust Co.* (1928), 88 Ind.App. 222, 228, 162 N.E. 27.

2. I doubt the propriety of a trial judge even impliedly making a determination that a fee agreement is reasonable. This determination is within the exclusive province of the Indiana Supreme Court which oversees the discipline of Indiana attorneys. Indiana Rules for Admission to the Bar and the Discipline of Attorneys, Admission and Discipline Rule 23, § 1 (April 22, 1981).

3. This is why it is especially inappropriate to base an attorney fee award on a reasonable contingent fee agreement. Since the amount of a contingent fee is usually a percentage of what is recovered on the judgment, an award based on a reasonable contingent fee impliedly includes the costs of collecting the debt. Because these costs are unknown when the attorney fees are awarded, the award should not include them.

4. See *Motor Dispatch, Inc. v. Buggie* (1978), Ind.App., 379 N.E.2d 543, 546. In *Motor Dispatch* this Court stated that "the purpose of attorney fee clauses in security agreements such as the Note, is to make the holder whole in the event he must go to court to vindicate his collection rights." The right to collect is evidenced by a judgment. A holder is made "whole" to the extent of his "reasonable" expenses in obtaining that judgment.

amount stipulated in a note is reasonable unless unconscionable; the debtor expressly contracting to accept this amount. In such a case the holder has agreed to accept the stipulated amount even if below his actual reasonable fee expenses. Finally, a reasonable attorney-client fee agreement is distinguishable from a determination of the reasonable fair market value of the services rendered. Although both are objectively determined, they are not necessarily equivalent. This is apparent from the present case where an apparently reasonable one-fourth contingent fee agreement resulted in an unreasonable award of $10,000 for seventeen and one-half hours of routine legal work.

As this case illustrates, attorney fee provisions in promissory notes should only entitle the holder to the reasonable fair market value of the legal services which were reasonably necessary to obtain the judgment. These provisions should not be interpreted as requiring the debtor to reimburse the holder for the amount of the holder's reasonable fee agreement with his attorney because this agreement may be based on considerations other than the value of the services rendered. This is a common sense interpretation based on the obvious intention of the parties in light of fair commercial practice.

I believe that this interpretation is consistent with *Streets, supra.* Judge Hoffman states in his dissent that in *Streets* "this Court expressly approved a contingency fee equal to one-third of the final judgment as a reasonable attorney fee." Judge Hoffman omits that in *Streets* the appellees had "introduced testimony to show that a reasonable charge for like services would be a contingent fee of one-third of the final judgment." *Streets, supra* at 921. Thus, while the reasonable fair market value of legal services rendered might equal the amount of the fee agreement between the holder of the note and his attorney, the fee agreement can not be a part of the test applied by the trial court in determining the amount of attorney fees to be awarded. The test to be applied by the trial court is whether the award of attorney fees pursuant to a promissory note provision is "a reasonable charge for like services..." *Id.* The test is not whether the fee agreement between the holder of the note and his attorney is reasonable.

The nature and amount of the legal fee charged a holder by his attorney is properly a subject for contractual agreement between the attorney and the holder. In attorney disciplinary parlance such an agreement is either excessive or reasonable. The reasonableness of a fee agreement is determined in accordance with the Code of Professional Responsibility, Disciplinary Rule 2-106. In determining whether a fee is reasonable so as not to subject the attorney to disciplinary proceedings, DR 2-106 provides the following mandatory guidelines:

"DR 2-106   Fees for Legal Services.

"(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.

"(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

"(C) A lawyer shall not enter into an arrangement for, charge, or collect a contingent fee for representing a defendant in a criminal case." (Footnotes omitted.).

DR 2–106(B) lists eight factors to be considered in determining the "reasonableness of a fee." These factors include considerations pertinent when evaluating the fee charged in light of the client's wishes, but which are unrelated to the fair market value of the legal work done. This is because DR 2–106 was designed to establish the minimal conduct allowed an attorney regarding the legal fees that he charges his client. Its factors were never intended as a guideline to establish the reasonableness of an attorney fee award.[5]

Of the factors listed in DR 2–106(B), factors (2), (6), (7), (8), and part of (5) are inapplicable when making an objective fair market value determination. These factors focus on what is reasonable as between the holder and his attorney, based on the holder's subjective requirements regarding his attorney's employment. For example, a holder may agree to a fee higher than ordinarily charged in the community because he wishes to employ a certain well known, experienced attorney. The fee may be even higher if the holder feels it is necessary to induce the attorney to forego other employment, or labor under a time limitation.

Perhaps the holder's most subjective decision regarding a fee agreement is whether it should be fixed or contingent. A contingent fee agreement may result in an unusually large fee for the type and amount of legal services performed and still be reasonable as to the client. Contingent fee agreements provide a needed means of affording capable legal service to those otherwise financially unable to pursue meritorious claims having questionable recoveries. Because of the possibility that the judgment will be uncollectible, many holders suing on past-due promissory notes agree to a contingent fee arrangement. Such was done in the present case. Moore's attorney had advised Moore of the difference between payment on a fixed hourly rate and payment on a contingent fee basis. According to his attorney, Moore chose the contingent fee basis because he anticipated that the judgment would be difficult to collect. Although Moore's attorney might receive a larger fee than he would have received pursuant to an hourly rate, he might also receive less. Thus, both Moore and his attorney took an informed risk regarding the fee agreement based on their subjective perception of the bargain's financial soundness.

Absent express language to the contrary, a holder's subjective fee agreement preferences are inappropriate considerations in determining an award of attorney fees pursuant to a promissory note provision. A debtor executing a negotiable promissory note can not fairly be required to reimburse the amount of any subsequent holder's fee agreement because that fee agreement may be fashioned upon unexpressed subjective inclinations. However, a debtor can be fairly held to have agreed to reimburse the holder for the fair market value of the legal services reasonably necessary to obtain the judgment. Fluctuations in fair market values are based on objective market forces and can be more easily anticipated by the debtor. In this manner a debtor's obligation remains roughly equivalent despite fee agreement actions of the eventual holder. Therefore, attorney fee provisions in promissory notes should only entitle the holder to the reasonable fair market value of the legal services which were reasonably necessary to obtain the judgment.

The following factors from DR 2–106(B) may be considered when determining the reasonable fair market value of legal services:

"(A) The time and labor required, the novelty and difficulty of the questions involved, and the skill requi-

---

**5.** "The Disciplinary Rules, unlike the Ethical Considerations, are mandatory in character. The Disciplinary Rules state the minimum level of conduct below which no lawyer can fall without being subject to disciplinary action." Code of Professional Responsibility, Preliminary Statement (originally adopted March 8, 1971.).

site to perform the legal service properly. [DR 2–106(B)(1)]

"(B) The fee customarily charged in the locality for similar legal services. [DR 2–106(B)(3)]

"(C) The amount involved and the results obtained. [DR 2–106(B)(4)]

"(D) The time limitations imposed by ... the circumstances." [DR 2–106(B)(5)].

(Brackets added.).

These factors are proper fair market value considerations because they concern the objective forces of the legal marketplace.

Because of the trial court's unreasonable award based on an improper consideration of the attorney-client fee agreement, I concur with Judge Garrard that this case should be reversed and remanded as to the award of attorney fees.

HOFFMAN, Presiding Judge, dissenting.

I respectfully dissent.

An evidentiary hearing on the issue of attorney fees is not mandated. The Indiana Supreme Court has ruled that a trial court is empowered to make an award of attorney fees without hearing any evidence by merely relying upon its own knowledge of what a reasonable attorney fee should be. *In re Lockyear* (1974), 261 Ind. 448, 305 N.E.2d 440; *McDaniel v. McDaniel* (1964), 245 Ind. 551, 201 N.E.2d 215; *In re Davis* (1932), 204 Ind. 227, 183 N.E. 547. This rule has been followed by the Indiana Court of Appeals in numerous cases. *See, e.g., McBride v. McBride* (1981), Ind.App., 427 N.E.2d 1148; *In re Marriage of Gray* (1981), Ind.App., 422 N.E.2d 696; *First Valley Bank v. First S & L Ass'n* (1980), Ind.App., 412 N.E.2d 1237; *Farthing v. Farthing* (1978), Ind.App., 382 N.E.2d 941; *Fox v. Galvin* (1978), Ind.App., 381 N.E.2d 103; *Kizer v. Davis* (1977), Ind.App., 369 N.E.2d 439; *Geberin v. Geberin* (1977), 172 Ind. App. 255, 360 N.E.2d 41; *Wireman v. Wireman* (1976), 168 Ind.App. 295, 343 N.E.2d

292; *Roe v. Doe* (1972), 154 Ind.App. 203, 289 N.E.2d 528; *Hardiman v. Hardiman* (1972), 152 Ind.App. 675, 284 N.E.2d 820; *Marshall et al. v. Russell R. Ewin, Inc.* (1972), 152 Ind.App. 171, 282 N.E.2d 841. Judge Staton concisely stated the rule in *In re Marriage of Gray, supra*, as follows:

"... The trial court may take judicial notice of what a reasonable attorney's fee would be, even absent any evidence in the record, because the trial court is familiar with the action and the amount of work which would be required. *Geberin v. Geberin* (1977), 172 Ind.App. 255, 360 N.E.2d 41, 47." 422 N.E.2d at 703.[1]

The underlying rationale for this rule was explained in *Fox v. Galvin, supra*:

"First, in dealing with attorneys fees, the trial court judge is what the Louisiana Court of Appeals termed 'an expert in his own right.' Indiana courts, as well as those in other jurisdictions, have recognized the obvious—that judges have an expertise in the legal field. This stems from their status as lawyers, *McDaniel v. McDaniel, supra*, [(1964), 245 Ind. 551, 201 N.E.2d 215] and their knowledge and professional experience obtained as both lawyer and judge. *Kizer v. Davis, supra*, [(1977), Ind.App., 369 N.E.2d 439. *See Melnyk v. Robledo* (1976), 64 Cal.App.3d 618, 134 Cal.Rptr. 602; *La Salle National Bank v. Brodsky* (1964), 51 Ill.App.2d 260, 201 N.E.2d 208; *Boydstun v. Cook and Co.* (1960), 238 Miss. 324, 118 So.2d 354.

"Second, the trial court judge has before him the entire proceedings of the case. The awarding of attorneys fees is done, not in a void, but in light of all that is involved in the litigation. *See Geberin v. Geberin, supra*, [(1977), 172 Ind.App. 255, 360 N.E.2d 41]; *Wireman v. Wireman* (1976), [168] Ind.App. [295], 343 N.E.2d 292. *See also Melnyk v. Robledo, supra; Pitcher v. Baltz* (1967), 242 Ark. 625, 414 S.W.2d 859.

---

1. Although usually a trial court may not take judicial notice without disclosure at trial and an opportunity to object, *In re Marriage of Gray* (1981), Ind.App., 422 N.E.2d 696, it must

be remembered that in the present case the trial court entered a default judgment in favor of the Moores. There was no trial. Leibowitz refused to defend in this action.

"As the California Court of Appeals stated in *Melnyk v. Robledo* (1976), 134 Cal. Rptr. at 605:

'The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.'

"It is true in general that judgments should be based on evidence directly submitted by the parties to the tribunal, but it is also true that what transpires from beginning to end of a lawsuit is indirect evidence of what constitutes reasonable attorneys fees. Combined with the judge's knowledge and experience in the legal profession, he 'may take judicial notice' of what constitutes a reasonable attorneys fee ... and it is expeditious that he do so." (Footnotes omitted.) 381 N.E.2d at 107–108.

*U. S. Aircraft Financing, Inc. v. Jankovich* (1980), Ind.App., 407 N.E.2d 287 did not disregard the general rule but merely noted a limited exception. There the Court stated:

"In examining the cases it would appear that in certain types of actions, particularly divorce or dissolution, it is generally held evidence is not required to support an award of attorney's fees. This is apparently true when the amount of the fees is relatively modest or appears to be the norm for the type of litigation under consideration. However, where the nature of the action is unique, such as *Sears, Roebuck & Co. v. State, supra,* [(1967), 248 Ind. 169, 225 N.E.2d 175] involving a mandamus proceeding to compel the collection of property taxes, the Supreme Court held where there 'is no evidence at all in the record on the subject of ... attorney fees (t)he lack of evidence is fatal.... A finding by the court as to the value of an attorney's services should be supported by testimony.' 225 N.E.2d at 183." 407 N.E.2d at 295–296.

The present case can in no way be characterized as "unique." The case involves nothing more than a breach of an installment promissory note. The Moores were awarded a default judgment on their complaint. Surely this case comes within the expertise of the trial judge with regard to the amount of reasonable attorney fees.

The majority cites *Lystarczyk v. Smits,* 435 N.E.2d 1011 (1982) in support of its position. *Lystarczyk* is inapplicable however, because in that case a jury was acting as the finder of fact. Inasmuch as members of a jury generally have no expertise with regard to the reasonableness of attorney fees, there must be sufficient evidence in the record to support the jury's award. Where, however, the trial court acts as the fact-finder, it is appropriate for it to utilize its experience in the legal profession and take judicial notice of the amount of a reasonable fee.

Having determined that the trial court has the capacity to make an award of attorney fees based solely upon its experience and knowledge, the only remaining issue is whether the fee in this case was reasonable. It is well established that a trial court's award of attorney fees will be disturbed only upon a showing of an abuse of discretion. *Brames v. Crates* (1980), Ind.App., 399 N.E.2d 437; *Arnold v. Dirrim* (1979), Ind.App., 398 N.E.2d 426; *Lovko v. Lovko* (1978), Ind.App., 384 N.E.2d 166; *Fox v. Galvin, supra; Streets v. M.G.I.C. Mortg. Corp.* (1978), Ind.App., 378 N.E.2d 915.

In the present case, Leibowitz filed a motion to correct errors attacking the award of attorney fees. The trial court denied the motion with an opinion explaining the award as follows:

"In determining the fee, although the Court did not conduct a hearing, counsel for the plaintiff informed the Court that at the time he took the case he advised his client that he could take the case on a time and charge basis or that he could take the case on a contingent fee basis. After explaining the procedure, the client informed the plaintiff's counsel that he did not desire time and charges basis as he thought the case might become too expensive and agreed to a contingent fee

arrangement. At a prior hearing, at which the defendant was present, plaintiff's counsel had indicated that the fee arrangement between himself and his client was a one-third (⅓) contingent fee. "However, when plaintiff requested the default, he informed the Court that he could not remember whether the fee arrangement was one-third (⅓) or one-fourth (¼). He further explained that the reason for the contingent fee basis was based in large part upon what he and the client perceived to be the difficulty in enforcing the collection of the judgment. The Court opted out for the lower of the two fees and entered a fee order of $10,-000.00, which would have been slightly less than the one-fourth (¼) agreement."

Whether a fee is fixed or contingent is a factor which must be looked at in determining whether a legal fee is excessive. Code of Professional Responsibility, DR. 2–106(B). In *Streets v. M. G. I. C. Mortg. Corp., supra,* this Court expressly approved a contingency fee equal to one-third of the final judgment as a reasonable attorney fee. The Indiana Supreme Court denied transfer of *Streets* on January 10, 1979, all justices concurring. This is ample precedent for finding that a contingent attorney fee based on one-fourth the final judgment is reasonable.

For the above stated reasons, I would affirm the judgment of the trial court.